ABE HEIDENHEIMER, EXECUTOR, ET AL., V. PHOEBE F. LORING.
FANNIE E. LORING V. ABE HEIDENHEIMER, EXECUTOR, ET AL.

No. 455.

1. **Judgment in Suit by Publication.**—A judgment in a suit by publication to foreclose an equitable lien on realty for taxes and insurance paid, against the unknown heirs of the deceased owner, wherein the judgment recited that the defendants had been duly cited by publication, in so far as it is a proceeding in rem against the land, is valid, and could only be set aside by a bill of review filed for that purpose within two years.

2. **Surviving Wife.** — The Texas statute declaring that all property acquired by either husband or wife during marriage shall be deemed the common property of both, will control as to real estate in Texas, although the parties may both reside in another State where a different rule of law prevails.

3. **Wife's Title to Community Property.**—The wife's right to her half of community property is not acquired as heir of her husband, but after his death is the legal right, and publication of citation to the unknown heirs of her husband did not make her a party to the suit, and affirmative evidence of the purchase of the property during marriage is unnecessary to show it to be community, in the absence of evidence to the contrary; it being by law under such circumstances regarded as common effects or gains.

4. **Community Interest of Wife not an Equity, when.**—The rule which treats the community interest not disclosed by the paper title as an equity does not apply after the death of the husband. All persons who deal with the property after his death must take notice of whatever community rights there may be in a surviving wife, as well as of the rights of his heirs.

5. **Direct Attack upon Judgment for Fraud.**—A direct attack upon a judgment for fraud upon the jurisdiction of the court, and in the cause of action, may be made within the time fixed by the law of limitations, in the proper court and with proper parties, although the statute only allows a bill of review where there has been citation by publication within two years.

6. **Trust.**—See this case for allegations in a suit to set aside a foreclosure judgment and sale of land upon the ground of fraud, and setting up that defendant who purchased the land had prior to his death been the agent of their father to rent and manage the property, sufficient to charge defendant with a trust in favor of the children.

7. **Improvements in Good Faith.** — If S. H., the first purchaser, put improvements upon the property in bad faith, and A. H., the purchaser from him, put no improvements upon it, then plaintiffs are entitled to recover of him for the improvements put thereon in bad faith. If S. H. improved in good faith,

A. H., claiming under him, would be entitled to recover for improvements so made.

8. **Proper Parties.**—In a suit for the recovery of land, and a direct attack upon the judgment under which it was sold, any person claiming the land under the judgment is a proper party.

9. **Evidence Admissible upon Issue of Good Faith and Fraud.** A witness warned H. that the judgment was invalid, and advised him not to improve the property, and offered to rent it from him as the agent of the heirs. This evidence was admissible under the issues of good faith in making improvements, and upon the question of fraud in procuring the judgment.

10. **Limitation of Five Years.**—See facts under which it was held, that defendant could not prescribe under the five years limitation.

11. **Judgment Void in Part, Valid in Part.** — As the proceeding was in rem against the property, and the averments were sufficient on general demurrer to show a lien upon the property, because a void judgment in personam against the heirs was also rendered, would not make void the judgment subjecting the property to the debt.

12. **Suit Against Heirs.** — There being certain exceptions under which suit may be maintained against the heirs for the debt of the ancestor, and this case not being shown to be without them, objection that the Probate Court had exclusive jurisdiction was properly overruled.

APPEAL from Galveston.   Tried below before Hon. WM. H. STEWART.

*Scott, Levi & Smith,* for appellants.—1. The court erred in overruling defendants' demurrers to plaintiffs' petition. So far as the defendant Abe Heidenheimer was concerned, the suit was an ordinary action of trespass to try title, upon an alleged ejectment on August 13, 1890; while as to the executors of the estate of Samson Heidenheimer, deceased, it was an action for damages, growing out of the use of the property sued for prior to the alleged ejectment. The cause of action so stated against Abe Heidenheimer was separate and distinct from that stated against the estate of Samson Heidenheimer, deceased, and had no connection therewith, and it was incompetent and improper to combine the two in the same suit over the objection of defendants. Frost v. Frost, 45 Texas, 340; Williams v. Robinson, 63 Texas, 582; Railway v. Meddlegge, 75 Texas, 634; Stewart v. Gordon, 65 Texas, 346.

2. In view of the fact that as an exhibit to the plaintiffs' petition was attached the entire record in cause number 11,461, the court should have disregarded the mere formal statement in the plaintiffs' petition that no service was had in said cause, and should have held, as a matter of law, that the petition of the plaintiffs, in so far as it undertook to assail the judgment, was bad on demurrer. Lawler v. White, 27 Texas, 271; Stewart v. Anderson, 70 Texas, 592; Hardy v. Beatty, 84 Texas, 567; Crain v. Griffis, 14 Texas, 362; Cave v. Houston, 65 Texas, 622; Davis v. Robinson, 70 Texas, 397; Rev. Stats., art. 1373; Fowler v. Simpson, 79 Texas, 612;

Treadway v. Eastburn, 57 Texas, 209; Litney v. Marshall, 79 Texas, 515;.
Heath v. Lane, 62 Texas, 688; Harrison v. McKinney, 71 Texas, 127; Milam
County v. Robertson, 47 Texas, 239; Weaver v. Shaw, 5 Texas, 286; Var--
deman v. Edwards, 21 Texas, 737; Freem. on Judg., 4 ed., 126; Black on
Judg., ch. 14.

3. The court having sustained the defendants' exception to all the ma-
terial allegations in the plaintiffs' petition, except the single averment that
that there was no service in cause number 11,461, among which exceptions.
thus sustained was one that the action of the plaintiffs was barred by the
two years statutes relating to bills of review, the plaintiffs' petition should
have been dismissed, unless amended so as to avoid the exception sustained.
No such amendment was filed, and the court erred in hearing any evidence
under the petition.   Rev. Stats., art. 1373; Davis v. Robinson, 70 Texas,
397; Harrison v. McKinney, 71 Texas, 127.

4. The court erred in permitting the witness R. L. Heflin to testify as
stated in the third clause of defendants' said bill of exceptions. · The testi-
. mony was competent only to show a want of good faith on the part of· Sam--
son Heidenheimer toward the unknown heirs of Barnabus T. Loring in mak-
ing valuable improvements on the property in controversy.   Inquiry into·
the good or bad faith of Samson Heidenheimer toward the unknown heirs
of Barnabus T. Loring in making the improvements could only be mate--
rial if the judgment against said heirs was itself invalid; and in view of˙
the fact that the judgment on the record disclosed in the plaintiffs' peti-
tion was held to be valid as against the said unknown heirs of Barnabus.
T. Loring, the evidence was wholly irrelevant and improper.

5. The court erred in instructing the jury, that the widow of Barna--
bus T. (or F.) Loring, by purchase and not by inheritance from her
deceased husband, took one-half of his estate, and she was therefore·
not bound by the judgment of Sampson Heidenheimer against the un-
known heirs of Barnabus T. (or F.) Loring.   Conceding that the prop-
erty was community property of Barnabus T. and.Phoebe F. Loring at
the time of his death, it nevertheless passed under the judgment and the·
sale, because not only were the children of Barnabus T. Loring, but also
his widow, heirs of Barnabus T. Loring, in contemplation of article 1236.
of the Revised Statutes.   Edwards v. Brown, 68 Texas, 329; Hill v.
Moore, 62 Texas, 610; Yancy v. Batte, 48 Texas, 60 (dissenting opinion
of Judge Moore, now the recognized doctrine); Patty v. Middleton, 81
Texas, 587; Hensly v. Lewis, 81 Texas, 595; Schuler v. Sanborn, 86 Texas,.
116; Pouncey v. May, 76 Texas, 565; Wren v. Peel, 64 Texas, 380; Rev.
Stats., art. 2859; Trawick v. Harris, 8 Texas, 312; Earle v. Earle, 9 Texas,.
630; Meyer v. Claus, 15 Texas, 516; Lacy v. Clements, 36 Texas, 661;
Clements v. Lacy, 51 Texas, 158; Jordon v. Godman, 19 Texas, 273;
Sears v. Sears, 45 Texas, 559; Newland v. Holland, 45 Texas, 589; Duke·

v. Reed, 64 Texas, 713; McElroy v. McGoffin, 68 Texas, 209; Babb v. Carroll, 21 Texas, 765; Henderson v. Ryan, 27 Texas, 674; Routh v. Routh, 57 Texas, 589.

*Lovejoy & Sampson* and *Frank M. Spencer*, for appellees.—1. This suit was brought in the District Court of Galveston County, where the alleged fraudulent judgment by Samson Heidenheimer, in cause number 11,461, against the unknown heirs of Barnabus T. (or F.) Loring was obtained, by the Lorings, the surviving widow and children of Barnabus T. Loring, they being the persons who suffered by the fraud, against Abe Heidenheimer and the executors of Samson Heidenheimer, they being the persons who enacted and participated in the fraud, and praying to have the judgment set aside and retry the cause in which it was rendered; and this suit is a direct attack upon said fraudulent judgment. Buchanan v. Bilger, 64 Texas, 593; McCampbell v. Durst, 73 Texas, 410; Williams. v. Hodges, 77 Texas, 285; Cundiff v. Teague, 46 Texas, 478; 1 Bige. on Frauds, 88, 89, 90, 94; Chambers v. Hodges, 23 Texas, 104; 1 Black on. Judg., sec. 288; Duncan v. Gerdine, 59 Miss., 550; Newcomb v. Dewey, 27 Iowa, 381; Williams v. Hodges, 77 Texas, 284; Heath v. Lane, 62· Texas, 694; Newell on Malprac. and Abuse of Proc., 410; Chambers v. Hodges, 23 Texas, 104; Stockings v. Hanson, 35 Minn., 207.

2. The petition alleged that Samson Heidenheimer committed perjury in his attempt to give the District Court of Galveston County jurisdiction, by swearing that the names of the heirs of Barnabus T. Loring were unknown to him, and that the money was justly due him, when in fact there was nothing due him, and he knew the names and residence of the heirs of Barnabus T. Loring; the said perjury being committed by the plaintiff in order to give the court jurisdiction, and to obtain a judgment, is ground for setting aside the judgment in this direct proceeding. Fisk v. Miller, 20 Texas, 581; Laith v. McDonald, 7 Kans., 254; 12 Kans, 340; Newell on Malprac. and Abuse of Proc., 410, and note.

3. The cause of action in the case numbered 11,461, of Heidenheimer against the unknown heirs of Barnabus F. (or T.) Loring, was an alleged money claim against his estate and a lien on property belonging to his estate, and there were no facts alleged in the petition making any exception to the presumption of law that administration is necessary in every case, and consequently the court had no jurisdiction. Webster v. Willis, 56 Texas, 474; Patterson v. Allen, 50 Texas, 24;. Green v. Rugely, 23 Texas, 544; Cunningham v. Taylor, 20 Texas, 129;. Ansly v. Baker, 14 Texas, 474; Messner v. Giddings, 65 Texas, 310;. Robertson v. Paul, 16 Texas, 472.

4. There was nothing to put the defendants on notice in the case of Samson Heidenheimer against the unknown heirs of Barnabus F. (or T.) Loring that the plaintiff, the agent and trustee of Barnabus T. Loring,

would concoct a fictitious claim against the property of his principal, that he would swear that the names of his heirs were unknown to him, and that he would commit the other frauds charged against him in plaintiffs' petition; and until plaintiffs in this case had such notice no statute of limitations could run so as to preclude them from bringing a suit for the purpose of annulling the judgment. 1 Black on Judg., sec. 313; Stockings v. Hanson, 35 Minn., 207.

5. The facts showing concealment of the fraud were alleged, but Samson Heidenheimer occupied toward the plaintiffs and Barnabus T. Loring a relation of trust and confidence, that of principal and agent, and it was not necessary that concealment of fraud should be alleged in order to prevent the statute of limitations from running, for it was the duty of Heidenheimer to make discovery. 1 Bige. on Frauds, 27, 33, 34.

6. The frauds alleged in appellees' petition suspended the statute requiring suits to set aside a judgment to be brought within two years. Brown v. Brown, 61 Texas, 45; Chambers v. Hodges, 23 Texas, 104.

Where relation of trust and confidence exists: Hunter v. Hubbard, 26 Texas, 547; Kennedy v. Baker, 59 Texas, 158; Flannagan v. Pierson, 61 Texas, 302; Leach v. Wilson, 68 Texas, 356.

On question of reasonable diligence: Munson v. Hollowell, 26 Texas, 475; Hunter v. Hubbard, 26 Texas, 537; Connolly v. Hammond, 58 Texas, 17.

7. The court erred in sustaining the demurrers to plaintiffs' petition, in this, that it appears therefrom that the judgment of the court in cause number 11,461, of Samson Heidenheimer against the unknown heirs of Barnabus F. (or T.) Loring, is in terms a judgment in personam, including the costs therein adjudged, and is coram non judice and void; and the fact that the property sold for enough to satisfy and discharge said judgment could not by retroaction make the judgment valid. 1 Jones on Mort., 179, 185, 187; Shitz v. Deffenbach, 3 Pa. St., 233; Bowers v. Oyster, 3 Penrose & Watts, 239; Meador v. Meador, 3 Heisk., 562; Vanmeter v. McFadden, 8 B. Monroe, 438; Gothard v. Flynn, 25 Miss., 58.

8. It was not only necessary in cause number 11,461 to allege facts showing that Samson Heidenheimer held a lien on said property, but it was equally as necessary to prove it; and the evidence of said Heidenheimer, filed in the cause as a part of the record, and upon which the judgment of the court was founded, wholly fails to state any fact creating a lien on said property, and shows a want of jurisdiction in the court pronouncing the judgment, which is void on the face of the record. Stewart v. Anderson, 70 Texas, 594; Fowler v. Simpson, 79 Texas, 617; Scott v. Strupy, 73 Texas, 547; Martin v. Cobb, 77 Texas, 546; Rev. Stats., art. 1345; Bordages v. Higgins, 1 Texas Civ. App., 52.

9. The evidence of Heflin was properly admitted by the court, because Samson Heidenheimer must not only have had reasonable ground

to believe that he was the true owner of the land, but he must have been ignorant that his title was contested by any person claiming a better right, and Samson Heidenheimer, as agent of B. T. Loring, was charged with notice that his surviving widow owned one-half the property. Elam & Stewart v. Parkhill, 60 Texas, 582; House v. Stone, 64 Texas, 683; Parish v. Jackson, 69 Texas, 615.

10. Phœbe F. Loring was the surviving widow of Barnabus T. Loring, deceased, and upon the death of B. T. Loring took one-half of the community property of said connubial partnership as purchaser, and not as an heir of said Loring, and the court committed no error in so instructing the jury. Styles v. Japhet, 84 Texas, 91; Henry v. Forshee, 84 Texas, 185; Kirby v. Moody, 84 Texas, 201.

11. Samson Heidenheimer could not set the five years statute of limitation in motion until he recorded the deed from Frank to him, for the reason that he can not claim five years limitation under a recorded deed to another person. Vansickle v. Catlett, 75 Texas, 409; Porter v. Chronister, 58 Texas, 56; Medlin v. Wilkins, 60 Texas, 418.

GARRETT, CHIEF JUSTICE.—This suit was brought on April 23, 1891, in the District Court of Galveston County, by Phœbe F. Loring, as the surviving wife of Barnabus T. Loring, deceased, and his children, Fannie E. Loring, Richard F. Loring, Ellen J. Dike, and Alden P. Loring, against Abraham Heidenheimer, individually, and Meyer Bauman and Abraham Heidenheimer as executors of the last will of Samson Heidenheimer, deceased, for the recovery of lots 8 and 9, block 256, in the city of Galveston, and for damages; and to cancel and annul a judgment obtained by Samson Heidenheimer in the District Court of Galveston County on February 18, 1884, against the unknown heirs of Barnabus T. Loring, in which a lien was foreclosed on said property to satisfy said judgment, and under which the said property was sold and bought in for the use of said Samson Heidenheimer, and afterwards conveyed by him to the defendant Abraham Heidenheimer.

The petition contained the usual allegations in form of action of trespass to try title. Plaintiffs also alleged that the defendant Abraham Heidenheimer and those under whom he derived and asserted his pretended title to the said lots claimed the same by virtue of a pretended judgment and foreclosure sale of a pretended lien in a suit in the District Court of Galveston County, numbered on the docket of said court 11,461, wherein Samson Heidenheimer was plaintiff and the unknown heirs of Barnabus T. Loring were defendants. A copy of the entire record in said suit was attached to the petition in this case as an exhibit. It purported to be for the foreclosure of an equitable lien on the property in controversy for money advanced by Samson Heidenheimer for the payment of taxes and insurance thereon. Citation to the unknown

heirs of Barnabus T. Loring was made by publication, and judgment was rendered in said cause on February 18, 1884, against the unknown heirs of Barnabus T. Loring for the sum of $718.66, with foreclosure of a mortgage lien on the premises for said amount. The judgment recited that the defendants had been duly served and cited according to law by publication. It was alleged that Samson Heidenheimer died February 22, 1891, and that he left a will, etc.

Plaintiffs averred that the said judgment was null and void, because the plaintiffs against whom the same was rendered were nonresidents of the State of Texas at the time Samson Heidenheimer brought said suit, and continuously so remained; that no legal citation ever issued in said cause, and plaintiffs had no knowledge or notice of such suit, and did not appear therein, neither in person nor by counsel. They alleged, that the affidavit of the said Heidenheimer for service by publication was false; and that the attempt to claim an equitable lien on said property was a fraud practiced by said Heidenheimer upon the jurisdiction of the court; that he had no lien, equitable or otherwise, upon said property, and that the said claim upon which said suit was based was fraudulent and fictitious, etc. That sometime in July, 1872, the said Barnabus T. Loring, the deceased ancestor of plaintiffs other than the said Phœbe F. Loring, who is the surviving wife of the said Barnabus T. Loring, appointed and selected the firm of Heidenheimer Brothers, composed at that time of Samson Heidenheimer, Isaac Heidenheimer, and the defendant Abraham Heidenheimer, his agents, and delivered to them said property, to be rented and managed for the use and benefit of the said Loring; that in March, 1881, the said Barnabus T. Loring departed this life; that the said Samson Heidenheimer had had the use and occupation of said property since about May 7, 1884 (the date of the sale under the foreclosure), until August 14, 1890 (date of sale from Samson to Abe Heidenheimer), and had never accounted for the rents; that it was true that the firm of Heidenheimer Brothers, as the agents of said Barnabus T. Loring, had paid certain taxes and insurance on account of said property, but they had paid it out of rents and revenues derived and collected from said property. They denied any indebtedness whatever to the said Samson Heidenheimer, and that he had any equitable mortgage or lien on said property as alleged by him; and charged that said judgment was obtained by the fraud and false swearing of the said Samson Heidenheimer, and that it was rendered upon false and perjured testimony; that the citation was procured by him to be published in a newspaper of very little circulation, so as to conceal from the plaintiffs the fact that suit had been instituted.

Plaintiffs alleged, that the pretended foreclosure sale was fraudulent and void; that the said Samson Heidenheimer had one J. W. Frank, an employe, to pretend to purchase said property at said sale, and that he pur-

chased the same for the grossly inadequate sum of less than one-fifth of its value; that the said Samson Heidenheimer, who before said sale was in possession of said property as one of plaintiffs' agents, remained in possession thereof after the sale, renting and deriving benefit therefrom, etc.; that on September 6, 1884, he required the said Frank to execute and deliver to him a special warranty deed for said property, which he did not place on record until February 7, 1890. That the pretended purchase by the said J. W. Frank was part and parcel of a scheme and fraudulent device of the said Samson Heidenheimer to fraudulently acquire title to the property of plaintiffs.

They averred, that the said judgment was rendered against them without service of process, actual or otherwise, and by means of the fraud and fraudulent acts of said Samson Heidenheimer as set out, without the knowledge or consent of plaintiffs; and that plaintiffs did not know of the fraud that had been perpetrated upon them by the said Samson Heidenheimer in fraudulently procuring said fraudulent judgment, and the sale of their property thereunder, until in the month of February, 1891, and that they could not have discovered any sooner by the use of reasonable diligence the said fraudulent acts; that the said Abraham Heidenheimer had full knowledge of all of said acts, and colluded and participated in the same with the said Samson Heidenheimer, etc.

Plaintiffs prayed for judgment annulling, vacating, and setting aside the pretended judgment and sale of their property thereunder, and a judgment against the said Abraham Heidenheimer and Meyer Bauman, as executors of the estate of Samson Heidenheimer, deceased, for the debt, damages, interest, and costs, and against the defendant Abraham Heidenheimer for the restitution of the premises, etc.

On June 5, 1891, Abe Heidenheimer, in his individual capacity, filed a demurrer and a plea of not guilty, and impleaded the executors of the estate of Samson Heidenheimer on the warranty of their testator.

On February 24, 1892, the executors appeared and filed exceptions to the plaintiffs' petition, a general denial, plea of not guilty; and pleaded that the attempt to vacate the judgment above mentioned was barred by the two years statute relating to bills of review, and also by the four years statutes of limitation; also the two and four years statutes of limitation to the claim for rents, issues, and profits for a period ending two years before the filing of this suit; also three and five years statutes of limitation, improvements in good faith, and a general denial as against Abraham Heidenheimer on the warranty.

On March 22, 1892, plaintiffs filed their first supplemental petition, excepting to the defendants' answers, denying the averments therein contained, and the said Ellen J. Dike pleaded coverture in response to the plea of limitation.

On April 13, 1892, the exceptions of the defendants as to the sufficiency

of the petition to impeach and vacate the judgment in number 11,461, Samson Heidenheimer v. The Unknown Heirs of Barnabus T. Loring, for the alleged want of sufficient legal service of citation by publication therein, and in so far as they question the petition in making the defend-- ant Abe Heidenheimer a party to the suit to impeach and vacate said judgment for the want of legal service of citation by publication therein,. were overruled.

On March 7, 1893, the defendant A. Heidenheimer, in his individual right, filed his first amended original answer, repeating his former plead- ings.

The court overruled plaintiffs' exceptions and demurrers to defend- ants' answer, and the cause went to trial, resulting in a verdict and judg-- ment that the plaintiffs Fannie E. Loring, R. F. Loring, Ellen J. Dike, and A. P. Loring take nothing by their suit, and that Phœbe F. Loring should recover of the defendant Abe Heidenheimer an undivided one- half interest in the property in controversy, and damages to the extent of $1200, and that the defendant have judgment against the executors of the estate of Samson Heidenheimer on the warranty for $11,200.

Abe Heidenheimer does not appeal. The executors of Samson Heiden- heimer have appealed from the judgment in favor of Phœbe F. Loring, the surviving wife of Barnabus T. Loring, and have assigned errors seek-- ing a reversal thereof. The remaining plaintiffs, Fannie E. Loring and others, have also appealed from the judgment against them.

*Opinion.*—Although the court overruled the defendants' exceptions to the petition wherein it sought to impeach the judgment in the cause num- ber 11,461, because the citation therein had not been fully served by pub- lication, and heard evidence to impeach the same in that respect, yet when the case was submitted to the jury they were instructed that the judgment in the publication suit was valid, and that the sale thereunder vested title in J. W. Frank, the purchaser thereat, to one-half of the property in con- troversy, which, in effect, was to hold that the allegations excepted to were insufficient to show that the judgment was invalid. In the view of the case taken by the court below, the judgment in the publication suit was valid, and could only be set aside by a bill of review filed for that purpose within two years; but the court was also of the opinion that the judgment against the heirs of Barnabus T. Loring did not bind his surviving wife, Phœbe F. Loring, because she was entitled to one-half of the property by community with her husband, and took by purchase and not by inheritance from him.

The statute of Texas declaring that all property acquired by either hus- band or wife during the marriage shall be deemed the common property of both, will control as to real estate situated in Texas, although the par- ties may both reside in another State, where a different rule of law may

apply to such property. There was no proof, however, that a different rule of law prevailed in Massachusetts, where Loring and his wife lived.

We agree with the court below, that the surviving wife, the plaintiff Phœbe F. Loring, was not bound by the judgment in the suit of Samson Heidenheimer against the unknown heirs of Barnabus T. Loring, because she was not a party to that suit. She was not an heir of Barnabus T. Loring, and was not included in the citation to his unknown heirs. Upon the death of her husband, her right to the property was the legal right to one-half thereof, discharged from his control, and subject only to administration for the debts of the community. No part of her interest descended to the heirs of the husband. It is contended, that there is no proof in the record that the lots in controversy were acquired during the marriage of the plaintiff Phœbe F. and Barnabus T. Loring, and that the judgment in this respect has no evidence to support it; but all the effects which the husband and wife possess at the time the marriage may be dissolved are to be regarded as common effects or gains, unless the contrary be satisfactorily proved. Rev. Stats., art. 2853.

As the judgment of the court below must be reversed for other reasons, we will not undertake to say what effect, if any, should be given to the agreement that B. T. Loring is common source in respect to the contention that the legal title to the property was vested in him. But the rule declared in Edwards v. Brown, 68 Texas, 329, and many other cases which treat the community interest not disclosed by the paper title as an equity, does not apply here. The husband, who had the legal title, is dead, and all persons who deal with it after his death must take notice of whatever community rights there may be in a surviving wife, as well as of the rights of heirs inheriting from him.

Unmixed with fraud, the judgment in the case of Samson Heidenheimer against the unknown heirs of Barnabus T. Loring would be unassailable, for the two years given by the statute (Revised Statutes, article 1373) had long since expired when the petition in this case was filed. But the petition is sufficient as a direct attack upon the judgment to vacate the same for fraud, both upon the jurisdiction of the court and in the cause of action and the purpose for which it was obtained. There is high authority for the position, that a judgment will be treated as a nullity when it is shown that a fraud was practiced upon the jurisdiction of the court (2 Pomeroy's Equity Jurisprudence, section 919); but in this State it is held, that in a collateral attack evidence of fraud aliunde the record can not be heard to dispute the judgment, even when the fraud is in obtaining jurisdiction. Williams v. Haynes, 77 Texas, 284. Since the judgment is not a nullity, it can not be attacked everywhere and at any time, but must be assailed in a direct proceeding to vacate the same within such time as may be fixed by the law of limitations, unless the party attacking the same can bring himself within recognized legal exceptions.

As above stated, the petition in this case is a direct attack upon the judgment, in the proper court and with proper parties. Plaintiffs also excuse themselves for delay in bringing the suit by alleging that the fraud practiced in obtaining the judgment and the sale and acquisition of the property was not discovered by them until within about two months of the institution of the suit, and that they could not have discovered the same any sooner by the use of reasonable diligence. We do not think that a judgment obtained by fraud on citation by publication becomes final and unimpeachable by force of the statute above cited allowing a bill of review within two years, but like other judgments, may be set aside for fraud and other equitable reasons, by suit brought for a new trial within proper time. Such suits are well recognized in our practice as suits in the nature of a bill of review; and two years as the limit of time within which they should be brought seems to be agreed on. Best v. Nix & Storey, ante, 349. It is not improbable that the four years limitation prescribed by statute to actions other than for the recovery of real estate, for which no limitation is otherwise prescribed, would apply. Rev. Stats., art. 3207.

Again, conceding the validity of the judgment and the sale thereunder, the allegations of the petition are sufficient to charge the property in the hands of J. W. Frank, Samson Heidenheimer, and Abraham Heidenheimer with a trust in favor of the plaintiffs, and to have the same restored to them. Such a constructive trust has been heretofore enforced in similar cases in this State. Martin v. Robinson, 67 Texas, 368; Fisher v. Wood, 65 Texas, 199; McCampbell v. Durst, 73 Texas, 410; Storer v. Lane, 1 Texas Civ. App., 250. To this remedy four years limitation would apply, unless the plaintiffs could bring themselves within some exception to the statute, or show that they had only discovered the fraud within said time, and by the use of reasonable diligence could not have sooner discovered it. 2 Pome. Eq. Jur., sec. 917. There are some strong facts alleged in the petition tending to excuse the plaintiffs, such as their residence in a distant State and the agency of Heidenheimer, but as they should be submitted to a jury on another trial, we refrain from discussing them.

We are of the opinion that the court erred in sustaining the demurrers to the allegations of the petition making a direct attack on the judgment in the publication suit for fraud, and tending to establish a constructive trust in the property in hands of defendant Abe Heidenheimer in favor of the plaintiffs.

The error committed by the court for which the judgment in favor of Phœbe F. Loring should be reversed, is in the charge of the court to the jury with reference to improvements in good faith. The assignment of error is as follows: "The court erred in charging the jury that defendants could recover the value of the improvements made in good faith

within twelve months prior to the institution of the suit, and in giving all other instructions in that connection, because there was no evidence of any improvements made within that period, and said instruction was calculated to mislead and confuse the jury to the prejudice of the defendants.''

The obvious effect of the charge complained of would be to prevent the defendants from obtaining any recovery for improvements in good faith, which issue they had the right to have the jury pass on under a proper instruction. As it appears that the defendant Abe Heidenheimer did not put any improvements upon the property, plaintiffs should be entitled to recover against him for improvements put thereon in bad faith by Samson Heidenheimer; or if Samson Heidenheimer improved in good faith, Abe Heidenheimer, claiming under him, would be entitled to recover for any improvements so made. There were no improvements made within twelve months, and the effect of the charge would be to mislead the jury as to the law, and instruct them that only improvements made in good faith within twelve months could be recovered.

As the case will be remanded for another trial, we will only pass on such of the remaining assignments as are likely to be of value when the case is tried again.

There was no error in overruling the exceptions of the defendants that Abe Heidenheimer was not a proper party to the suit. As a suit for the recovery of the land and a direct attack upon the judgment, not only the representatives of the original parties to the judgment were proper parties, but also any person claiming the land. Evidence would not be admissible to show any irregularity or any fact connected with the publication of the citation for the purpose of showing that the judgment is void, for the recital in the judgment that there was due service *is* conclusive of that fact. But in so far as such evidence is pertinent to the question of fraud, it would be admissible, as that the citation was published in an obscure paper with but a small circulation.

R. L. Heflin was permitted to testify, over the objections of defendants, that shortly after the rendition of the said judgment in cause number 11,461, he (Heflin) told Samson Heidenheimer that the judgment would not stand, because it was not based upon a meritorious and just cause of action, and was founded in fraud, and that the witness had warned Samson Heidenheimer not to improve the lots involved in said judgment and sale, and offered to pay Samson Heidenheimer the amount of the judgment by way of rental of the property, and would furthermore improve the property and make it habitable, if Sampson Heidenheimer, as agent of Loring's heirs, would give him (Heflin) a five years lease of the property; that Samson Heidenheimer declined this proposition and disregarded the warning; that at witness' instance Samson Heidenheimer consulted his lawyer, Judge Mills, who read a number of opinions to Samson Heiden-

heimer in reference to the judgment, the exact import of which the witness did not remember, but indicating that the judgment might be. successfully assailed.

We think this evidence was admissible on the question of good faith, even as to the plaintiff Phœbe F. Loring, who was not bound by the judgment, and was also admissible on the question of fraud in procuring the judgment, allegations of which were improperly excluded.

Samson Heidenheimer could not prescribe under the five years limitation by showing payment of taxes, possession, and record of deed to Frank, and there was no error in refusing charge number 2, requested by defendants.

Coming to the assignments of error made by appellants Fannie E. Loring and others, we have already sufficiently passed upon those which question the action of the court in sustaining the defendants' exceptions to the petition with respect to the direct attack on the judgment in the publication suit, for fraud. Said appellants make the further contention, that no facts were alleged in the petition in that case sufficient to give the court jurisdiction. As the proceeding was one in rem against the property in controversy, without attachment it was necessary for the petition to contain averments sufficient on general demurrer to show a lien upon the property. Murchison v. White, 54 Texas, 83. This we think it does. The averment is not only that the title deeds were deposited, but that Barnabus T. Loring gave said Heidenheimer an equitable lien and deposited the title deeds with him. Under the American rule, the mere deposit of the deeds would not be sufficient. 3 Pome. Eq. Jur., sec. 1265. But the averment in the petition is sufficient to let in proof of an agreement in writing to give the mortgage. If we should look to the statement of facts filed in said suit, there is no sufficient proof, but this we do not feel authorized to do. Because a void judgment in personam against said heirs was also rendered would not make void the judgment subjecting the property to the debt.

There are certain exceptions under which suit may be maintained against the heirs of a deceased person for the debt of such person, and as the record does not show that some such exception did not exist, the court was right in sustaining defendants' demurrer to that part of plaintiffs' petition setting up as a reason for the invalidity of the judgment that the Probate Court had exclusive jurisdiction of the matter.

The testimony of Heflin, offered by the appellants Fannie E. Loring and others to show that B. T. Loring owed Heidenheimer nothing, will be admissible on another trial upon the allegations of fraud which were improperly stricken out by the court below.

We have endeavored to pass upon all the questions that are likely to be of any importance on another trial. For the error in the charge of

the court in regard to improvements in good faith, the judgment in favor of Phœbe F. Loring is reversed; and for the errors indicated, the judgment against the remaining plaintiffs will also be reversed. The entire judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*

Delivered March 29, 1894.