WOOD et al. v. DEAN et al.†

(Court of Civil Appeals of Texas. Dallas. March 8, 1913. Rehearing Denied March 29, 1913.)

1. APPEAL AND ERROR (§ 548*)—RECORD—CONTENTS—ASSIGNMENTS OF BILLS OF EXCEPTION—RULING ON EVIDENCE.

An assignment of error to the exclusion of evidence cannot be considered where the bills of exception were stricken.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

2. LIMITATION OF ACTIONS (§ 103*)—HUSBAND AND WIFE—COMMUNITY PROPERTY—TRUSTS.

On the death of the wife, the duty of the husband is to take charge of the community property and to hold it in trust for settlement, and the two-year limitation as to conversion, etc., does not start to run against suit by the wife's heirs until he repudiates the trust.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 500, 506–510; Dec. Dig. § 103;* Trusts, Cent. Dig. § 570.]

3. HUSBAND AND WIFE (§ 270*)—COMMUNITY PROPERTY—STATUTES.

An instruction that all property deeded to either husband or wife during marriage and all effects possessed at the death of either is presumed to be community property, unless the contrary be "satisfactorily proven," was not

erroneous as on the weight of the evidence in view of Rev. Civ. St. 1911, arts. 4622, 4623, providing what are common property and common effects, and that all effects possessed by husband and wife when the marriage is dissolved "shall be regarded as common effects or gains unless the contrary be satisfactorily proved"; such rule being applicable to both real and personal property in actions by the heirs of the deceased wife to recover their mother's share of the community property from the surviving husband.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 968–971, 973–984, 988; Dec. Dig. § 270.*]

**4. TRIAL (§ 194*)—INSTRUCTIONS—PRESUMPTIONS OF FACT—STATUTES.**

Although as a general rule it is error to charge upon a presumption of fact, it being upon the weight of the evidence, there is an exception where the statute prescribes the particular character of evidence necessary for the establishing of a certain issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 436, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

**5. TRIAL (§ 229*) — INSTRUCTIONS — REPETITIONS.**

Where a case was submitted on special issues, repetition of instructions in connection with certain issues was not error, where it was proper for an understanding by the jury of the character of proof necessary in delivering such issues, and such repetition was not calculated to unduly impress the jury that the court was impressed with the idea that a certain party ought to recover.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 513; Dec. Dig. § 229.*]

**6. TRIAL (§ 138*) — INTERROGATORIES — EVASIVE ANSWER—QUESTION FOR JURY.**

Where a husband answered that he did not remember to an interrogatory whether at the death of his wife money on hand and due him amounted to $2,000, the answer was evasive, and the court properly charged that if the jury believed it willful it could be taken as a confession that such amount was on hand or due.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 322; Dec. Dig. § 138.*]

**7. TRIAL (§§ 139, 140*)—WEIGHT AND SUFFICIENCY OF THE EVIDENCE.**

The credibility of a witness and the weight to be given his testimony was for the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332–335, 338–341, 365; Dec. Dig. §§ 139, 140.*]

Appeal from District Court, Kaufman County; F. L. Hawkins, Judge.

Action by Annie Dean and others against John Wood and others. Judgment for plaintiffs and all defendants except John Wood, and he appeals. Affirmed.

Huffmaster & Huffmaster, of Kaufman, for appellant. Allen & Allen, of Dallas, for appellees.

RAINEY, C. J. Annie Dean and Sarah Ferrell, joined by their respective husbands, brought this suit against John Wood and Daisy Maxwell and husband to recover their interest, as children, in the property of Jane Wood, deceased, their mother, alleging that John Wood and Jane Wood were husband and wife; that Jane Wood had died; that they and Daisy Maxwell were the only surviving children of the said John and Jane Wood; that at the death of Jane Wood there was a large amount of real and personal community property on hand, which was held by John Wood in trust; and that he had refused to deliver to them the one-half owned by their mother at her death. Defendant Wood answered by general denial and specially set out the various tracts of land and personal property owned and held by him at the death of his said wife, claiming several of the tracts, describing them, as his separate property. One tract was the homestead which he had used, occupied, and claimed ever since Jane Wood's death. He also pleaded the statute of limitation of two years against the plaintiffs' claim for conversion, rents, damages, etc. Daisy Maxwell answered by general denial, but asked if any of the property was community that her part be set aside to her and that she be protected in her rights. Plaintiffs filed a supplemental petition, alleging an agreement by which John Wood would hold said property in trust and account to them for their share and which he never repudiated until June 12, 1911, a short time before this suit was instituted. The cause was submitted on special issues upon the return of which by the jury the court rendered a judgment in favor of plaintiffs and Daisy Maxwell for one-half the property and for $2,023.54, each, in money, from which judgment John Wood appeals to this court.

[1] The first assignment presented complains of the admission of a letter written by Daisy Maxwell to Sarah Ferrell. The bills of exception contained in the record were on motion stricken from the record; therefore this assignment cannot be considered by us, as a bill of exception is a necessary prerequisite to the consideration of questions arising on the action of the court in excluding or admitting evidence.

[2] The sixth assignment, which is the second presented by appellant, is: "The court erred in refusing to the jury the following instruction asked by defendant: 'If you believe from the evidence that the defendant John Wood after the death of his wife converted to his own use any of the personal property, rents, or profits of the community estate since the death of his wife in September, 1904, then you will find the date of said conversion and give the same in your answer.' "

There was no evidence that warranted the giving of this charge. At the death of Mrs. Jane Wood it was the duty of the appellant to take charge of the community property and to hold it in trust for settlement. He not only recognized this duty, but did take charge of the property and told plaintiffs that he could handle their mother's share of the estate for them better than they could, and that it would be better for all parties to keep the property together. While he thus

held the property limitation did not run, and to start limitation to running it was necessary for him to repudiate the trust, and this he did not do until plaintiffs demanded a settlement on June 12, 1911. There was evidence tending to show that he had disposed of property to the value of $1,500, for which, under the circumstances, he had to account. Akin v. Jefferson, 65 Tex. 137; Leatherwood v. Arnold, 66 Tex. 414, 1 S. W. 173.

[3] On appellant's plea of ownership of some of the land as his separate property, the court instructed the jury, in effect, that when property was deeded to either husband or wife during marriage, such property is presumed by law to be community property, and all effects possessed by husband and wife at the death of either shall be regarded as community effects or gains, unless the contrary be *satisfactorily proven.*

Appellant complains of this charge and contends that the charge is "on the weight of the evidence and impressed the jury with the idea that it required more than a preponderance of evidence by John Wood to prove that any of the land in controversy was his separate property and is a violation of the statute which prohibits the trial judge to charge upon the weight of the evidence or comment thereon." We are of the opinion that the charge of the court is not subject to the criticism made by appellant. The rule stated by the court as to the presumption regarding community property and the character of proof necessary to overcome such presumption and show that it is the separate property of one of the spouses is announced by our statutes, article 4622, R. S. 1911, providing that "all property acquired by either husband or wife during the marriage * * * shall be deemed the common property of the husband and wife, * * *" and article 4623 provides that "all the effects which the husband and wife possess at the time the marriage is dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved." These articles are applicable to both real and personal estate, when the status of such property is involved in controversies of the character of this. Heidenheimer v. Loring, 6 Tex. Civ. App. 560, 26 S. W. 99. All of the land in controversy was acquired after the marriage of John and Jane Wood, as shown by the deed to same, which raised the presumption that it was community property. It was contended by Wood that it was acquired by funds accumulated by him before his marriage, by gifts to him, etc. When it was shown that the conveyances were made after the marriage of himself and Jane Wood, it devolved upon him to show by satisfactory evidence that it was acquired with his separate funds.

[4] As a general rule it is error for the court to charge upon a presumption of fact, it being upon the weight of evidence; but we think there is an exception to this rule, and that is where the statute prescribes the particular character of evidence necessary for the establishing of a certain issue. In this matter the law requires that Wood establish that the land in controversy was his separate property by "satisfactory proof." This being the law of this state, we see no error in the court so telling the jury.

Our Supreme Court has recognized this exception in Stooksbury v. Swan, 85 Tex. 563, 22 S. W. 963, when, speaking through Chief Justice Stayton, it said: "It is the duty of the court to instruct the jury upon those legal presumptions and degrees of weight in particular testimony constituting exceptions to the general rule; not because they may be in consonance with enlightened reason and experience, but because they are prescribed as rules of law, pertaining to the weight of the evidence." This was quoted with approval from the opinion in Brown v. State, 23 Tex. 201, and is applicable to the facts of this case.

In the case of Mitchell v. Mitchell, 80 Tex. 101, 15 S. W. 705, the court approved a charge wherein the jury were told that, "where deeds to property are made to either husband or wife during marriage, such property is presumed by law to be community property, which presumption has to be overcome by evidence reasonably satisfactory to the jury," and that the burden of proof is on plaintiff (who claimed the property was separate) "to prove to your satisfactory belief" that it was paid for with separate means, etc. The Mitchell Case was reversed and remanded, but for the reason of the admission of improper evidence. The language used in the charge in the Mitchell Case is as strong and pointed as that in the case under consideration.

As early as 8 Tex. 240, 58 Am. Dec. 110, in Huston v. Curl, a charge on the presumption arising as to community property and as to the satisfaction of the jury before finding it to be separate property was approved. See, also, Speer on Law of Married Women, pp. 242, 243, and authorities there cited.

The appellant in support of his contention cites quite an array of authorities, but none is contrary to the views here expressed, when the facts are fully considered. There may be in some an apparent conflict, but we are of the opinion that the conflict is more apparent than real. However this may be, in view of the statute and the decisions to which we have referred, the doctrine here laid down is in consonance with the law of this state.

[5] The second proposition of appellant is: "The repeating in a charge even of correct principles of law gives undue prominence to the matter repeated and is calculated to lead the jury to believe that the court lays much stress on such matters and that the evidence does not come up to the proper standard."

The case was submitted on special issues

and the repetition complained of was made in connection with certain issues where it was proper for an understanding by the jury of the character of proof necessary in delivering said issues, and such repetition was not calculated to unduly impress the jury that the court was impressed with the idea that plaintiffs ought to recover.

[6] The appellant complains as follows: "The court erred in giving the following special charge asked by the plaintiff: 'You are instructed that the statute provides that where a party to a suit propounds interrogatories to the adverse party, and the party to whom said interrogatories are propounded willfully refused to answer or evades an interrogatory, such interrogatory shall be taken as confessed; and in this case the plaintiffs propounded to the defendant John Wood interrogatory No. 78, asking him in substance if it was not a fact that at the time of the death of his wife the notes and accounts due him and the money on hand and in banks and with other parties belonging to him amounted to the sum of $2,000, and if this was not correct then state the amount thereof; to which interrogatory he answered in substance that he did not remember. You are instructed that such answer is evasive and a refusal to answer said interrogatory, and if you believe that such evasion and refusal to answer was willful, and that the said defendant could have made a reasonable estimate and valuation of the amount of said accounts, notes, and money, or could have given some fact or facts from which some estimate could be arrived at, then you will take such interrogatory as confessed to the extent that the said notes, accounts, and money on hand and in banks and with other parties at said time did amount to the sum of $2,000, and you will so find such amount to be in your verdict.'"

The charge states correctly the substance of the interrogatory propounded. The interrogatory is direct, and one appellant could have answered directly; but his answer was evasive, and the court correctly so held. The court was further correct in submitting to the jury for their determination whether or not such evasion was willful. The assignment is overruled. Railway Co. v. Berling, 14 Tex. Civ. App. 544, 37 S. W. 1083.

The testimony shows that all the property in controversy was acquired during the marriage of John Wood and wife and that the property recovered was all on hand at the time of the death of Jane Wood.

[7] John Wood's testimony was all the evidence which supported his claim to some of the land as his separate property. The jury did not believe him, and we think his claim was not satisfactorily proven. At least, it was the province of the jury to pass upon his credibility and the weight to be given his testimony, and we cannot say they were wrong as to their verdict.

We find no reversible error in the record, and the judgment is affirmed.