## Commonwealth, Appellant, v. DeSarto.

*Constitutional law—Constitution of the United States—Privileges and immunities of citizens—Act of March 14, 1873, P. L. 297 —Hawkers and peddlers—Discrimination.*

The "privileges and immunities of citizens" referred to Clause 1, Section 2, of Article IV, of the Federal Constitution are such privileges and immunities as grow out of citizenship, and not mere residence. Citizenship and residence are not synonymous terms.

A person may be convicted of violating the Act of March 14, 1873, P. L. 297, entitled "An Act to prevent hawking and peddling in the Counties of Delaware and Lawrence without licenses" which by a proviso exempts persons wounded in the military services of the United States and persons who reside within the county, if it appears that the defendant claims no protection under the proviso and the record fails to show either his citizenship or residence.

Even if the proviso contained in Section 2 of the Act of March 14, 1873, P. L. 297, is unconstitutional, such invalidity of the proviso will not destroy the integrity of the entire statute.

Argued Oct. 4, 1915. Appeal, No. 37, April T., 1916, by plaintiff, from order of Q. S. Lawrence Co., Sept. T., 1914, No. 30, quashing indictment in case of Common-

wealth v. Tony DeSarto.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Indictment for hawking and peddling without a license in violation of the local Act of March 14, 1873, P. L. 297.   Before WILLIAM E. PORTER, P. J.

The material portion of the Act of 1873 is as follows:

Section 2.   Every person applying for a license under this act shall pay to the county treasurer, as aforesaid, the sum of five dollars to peddle on foot, fifteen dollars to peddle with one horse and wagon, and twenty-five dollars for license to peddle with two horses and wagon: And provided further, that this act shall not apply to persons wounded in the military service of the United States who are entitled, under existing laws, to a peddler's license without charge: Nor shall it apply to those who sell fish, oysters or meat, or those who sell produce off their farms who are residents of the county.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court quashing the indictment.

*William McElwee* and *Clyde V. Ailey*, District Attorney, with them *Isaac E. Johnson*, for appellant.—The act in question makes no distinction and attempts to make none against citizens of other states: Rothermel v. Meyerle, 136 Pa. 250; Lemmon v. People, 20 N. Y. 562; Cummings v. Wingo, 10 S. E. Rep. 107.

The act in question attempts no discrimination on the basis of citizenship.   If any discriminations are chargeable against it, they are on the basis of residence alone. A citizen of Ohio or of any other state of the Union, may sell produce off his own farm, if he is a resident of the county.   His citizenship is not called in question in any way: Conner v. Elliott, 18 How. 591.

We believe that the clause of the act in question exempting "those who sell produce of their own farms who are residents of the county," when rightly understood, is a proper and justifiable police regulation: Com. v. Dunham, 191 Pa. 73; Mechanicsburg Borough v. Koons, 18 Pa. Superior Ct. 131; New Castle v. Cutler, 15 Pa. Superior Ct. 612; Warren Borough v. Greer, 117 Pa. 207.; Com. v. Brinton, 132 Pa. 69; Com. v. Gardner, 133 Pa. 284; Com. v. Percival, 11 Pa. Superior Ct. 608; Rothermel v. Meyerle, 136 Pa. 250; United States Express Co. v. Hemmingway, 39 Fed. Rep. 60; Toirnan v. Rinker, 102 U. S. 123.

OPINION BY HEAD, J., March 1, 1916:

The defendant was indicted for a violation in Lawrence County of the provisions of the Act of March 14, 1873, P. L. 297. The grand jury returned a true bill. When the case was called for trial the learned court below quashed the bill on the ground, as we understand it, that the exempting proviso in Section 2 of the statute was forbidden by clause one, Section 2, of Article IV, of the Federal Constitution. He therefore held the entire act to be unconstitutional and, as stated, quashed the bill of indictment. The Commonwealth appeals.

Manifestly we have nothing before us but the record. From that record it does not appear the defendant was a citizen of the United States or of any state thereof, nor is it certain that he had a legal residence or domicile in any state. The clause of the Federal Constitution referred to declares: "The citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." It has been frequently construed by the Supreme Court of the United States and by the courts of last resort of almost every state in the Union. The construction adopted by all of them may be conveniently stated in the language of the Supreme Court of the State of South Carolina in the case of Cummings v. Wingo, reported in 10 S. E. Reporter 107: "It will be

observed that by the express terms of the Constitution, the purpose of the section under consideration is to secure to citizens of one state the same privileges and immunities as are enjoyed by citizens of other states, and the Supreme Court of the United States has held that the privileges and immunities thus secured are those only which grow out of citizenship.   Conner v. Elliott, 18 How. 591.   As was said by Mr. Justice MILLER, in delivering the opinion of the court in the Slaughter-House Cases, 16 Wall. 76, adopting the language of Mr. Justice WASHINGTON in Confield v. Coryell, 4 Wash. C. C. 371: 'We feel no hesitation in confining these expressions to those privileges and immunities which are in their nature fundamental,'—rights belonging to the individual as a citizen of the state.   Now, the provisions of our statute and rule of court make no discrimination against citizens of another state, as such......The provisions relate only to residence, and not to citizenship, which are entirely different things.   As was said by Mr. Justice GRIER in Parker v. Overman, 18 How. 137: 'Citizenship and residence are not synonymous terms,'— or as was said by Mr. Justice HARLAN in Robertson v. Cease, 97 U. S. 1057: 'Citizenship and residence, as often declared by this court, are not synonymous terms'......Having thus shown that citizenship and residence are regarded by the tribunal of last resort, in all questions involving the construction of the Constitution of the United States, as distinct and different things, it does not seem to us that the provisions of our statute and rule of court in respect to the requirement of security for costs in certain cases are in conflict with the clause of the Constitution above quoted."   In the present state of the record it is difficult for us to see what right the defendant possesses secured to him by the Federal Constitution that is taken away from him by the statute under which he was indicted.

The exempting clause in Section 2 of the act is as follows: "And provided further, that this act shall not

apply to persons wounded in the military service of the United States, who are entitled, under existing laws, to a peddler's license without charge; nor shall it apply to those who sell fish, oysters or meat, or those who sell produce off their farms, who are residents of the county." The defendant claims no protection as one of the exempted class created by the proviso. Whether that proviso remains in the statute as a part of it or is excised from it as an attempt at legislation forbidden by the paramount law, in no way affects the liability of this defendant to prosecution unless it appear that the entire statute must be expunged from the statute books merely because of the introduction of the proviso exempting certain persons from the operation of the act.

In Wood v. Philadelphia, 46 Pa. Superior Ct. 573, this court dealt with a statute containing an exempting proviso in some respects of the character of the one in the act now under consideration, and we there attempted to show, by an examination of the cases, it was clearly the duty of the court, even while striking down the unwarranted proviso, to sustain the body of the statute. We can perceive no sound reason why the entire Act of 1873 should be stricken down even if we were to conclude that the proviso to Section 2 could not be supported. When some citizen seeks the protection of the proviso and claims to be outside of the operation of the statute because he is within the exempted class, it will be time enough to determine whether or not the exempting proviso can be relied on to protect him. For the present it seems to us to be entirely sufficient to say, in disposing of the question raised by this record, that even if the proviso were to be declared unconstitutional, this would not destroy the integrity of the statute and it would be the plain duty of the court, under all of the decisions, to uphold the statute without the proviso. In any event therefore the learned court below fell into error in quashing the bill.

Judgment reversed and a procedendo awarded.