SUSAN E. CONNER, WIDOW OF HENRY L. CONNER, DECEASED, PLAINTIFF IN ERROR, v. WILLIAM ST. JOHN ELLIOTT, ADMINISTRATOR, AND DANIEL W. BRICKLE AND WIFE ET AL. HEIRS OF HENRY L. CONNER, DECEASED.

The first clause of the second section of the fourth article of the constitution provides that " the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States."

The court will not describe and define these privileges and immunities in a general classification, preferring to decide each case as it may come up.

The law of Louisiana gives a community of acquets or gains between married persons, where the marriage is contracted within the State, or where the marriage is contracted out of the State, and the parties afterwards go there to live.

The privilege thus conferred upon the wife, does not extend, by virtue of the clause in the constitution above quoted, to a native-born citizen of Louisiana, who was married while under age, in the State of Mississippi, in which State was her domicile together with her husband during the continuance of the marriage. Land in Louisiana, acquired by the husband during the marriage, was not subject to the Louisiana law, in respect to the community of acquets or gain.

This right was one which attached to the contract of marriage, which the State of Louisiana had a right to regulate; and was not one of the personal rights of a citizen, within the meaning of the constitution.

THIS case was brought up from the supreme court of Louisiana, by a writ of error issued under the 25th section of the judiciary act.

The case is stated in the opinion of the court.

It was argued by *Mr. Henderson*, for the plaintiff in error, and by *Mr. Benjamin*, for the defendants.

Mr. Justice CURTIS delivered the opinion of the court.

In the course of proceedings which were had in Louisiana, under the laws and in the courts of that State, to determine the rights of parties interested in the succession of Henry L. Conner, deceased, a citizen of the State of Mississippi, his widow, who is the plaintiff in error in this case, filed in the district court of the tenth judicial district of the State of Louisiana, a petition, claiming to be entitled to her rights of marital community, as they exist under the laws of that State. These rights having

been denied by the district court; an appeal was prosecuted to the supreme court; and it was there held that inasmuch as the marriage through which the appellant claimed was not in fact contracted in Louisiana, nor in contemplation of a matrimonial domicile in that State, and the spouses had never resided therein; the wife was not a partner in community with the husband by force of the laws of Louisiana.

On this writ of error, it neither is nor can be denied that the supreme court of Louisiana has correctly declared and applied the law of that State to this case. But it is insisted that this law deprives the plaintiff in error, a citizen of the State of Mississippi, of one of the privileges of a citizen in the State of Louisiana, and therefore is in contravention of the first clause of the second section of the fourth article of the constitution, which provides that " the citizens of each State shall be entitled to all the privileges and immunities of citizens in the several States."

It appears upon the record that this question was raised by the pleadings, and presented to and decided by the highest court of the State; it is therefore open here, upon this writ of error, for final determination by this court, under the twenty-fifth section of the judiciary act of 1789, 1 Stats. at Large, 85.

It appears that the plaintiff in error, though a native-born citizen of Louisiana, was married in the State of Mississippi, while under age, with the consent of her guardian, to a citizen of the latter State, and that their domicile, during the duration of their marriage, was in Mississippi. But, while it continued, the husband acquired a plantation, and other real property, in Louisiana. If the marriage had been contracted in Louisiana, the code of that State, then in force, Code of 1808, art. 3, § 4, would have superinduced the rights of community. And at the time when the property in question was purchased by the husband, in 1841, the code of 1825, then in force, contained the following articles:—

" Art. 2369. Every marriage contracted in this State superinduces, of right, partnership or community of acquets or gains, if there be no stipulation to the contrary."

" Art. 2370. A marriage contracted out of this State, between persons who afterwards come here to live, is also subjected to the community of acquets with respect to such property as is acquired after their arrival."

And it is insisted that, as these articles gave to what is termed in the argument a Louisiana widow the right of marital community, the laws of the State could not constitutionally deny, as it is admitted they did in fact deny, the same rights to all widows, citizens of the United States, though not married in

Louisiana, or residing there during the marriage, and while the property in question was acquired.

In other words, that, as the laws of Louisiana provide that a contract of marriage made in that State, or the residence of persons there in the relation created by marriage, shall give rise to certain rights on the part of each in property acquired within that State, by force of the article of the constitution above recited, all citizens of the United States, wherever married and residing, obtain the same rights in property acquired in that State during the marriage. We do not deem it needful to attempt to define the meaning of the word privileges in this clause of the constitution. It is safer, and more in accordance with the duty of a judicial tribunal, to leave its meaning to be determined, in each case, upon a view of the particular rights asserted and denied therein. And especially is this true, when we are dealing with so broad a provision, involving matters not only of great delicacy and importance, but which are of such a character, that any merely abstract definition could scarcely be correct; and a failure to make it so would certainly produce mischief.

It is sufficient for this case to say that, according to the express words and clear meaning of this clause, no privileges are secured by it, except those which belong to citizenship. Rights, attached by the law to contracts, by reason of the place where such contracts are made or executed, wholly irrespective of the citizenship of the parties to those contracts, cannot be deemed "privileges of a citizen," within the meaning of the constitution.

Of that character are the rights now in question. They are incidents, ingrafted by the law of the State on the contract of marriage. And, in obedience to that principle of universal jurisprudence, which requires a contract to be governed by the law of the place where it is made and to be performed, the law of Louisiana undertakes to control these incidents of a contract of marriage made within the State by persons domiciled there; but leaves such contracts, made elsewhere, to be governed by the laws of the places where they may be entered into. In this, there is no departure from any sound principle, and there can be no just cause of complaint.

The law of the State further provides, that if married persons come to Louisiana to reside, and acquire property there during such residence, they shall be deemed nuptial partners in respect to such property; but if the domicile of the marriage continues out of Louisiana, the relative rights of the married persons may be regulated by the laws of the place of such domicile, even in respect to property acquired by one of them in Louisiana.

50 *

That the first of these rules, which extends the laws of the State to married persons coming to reside and acquiring property therein, is a proper exercise of legislative power, has not been questioned. But it is insisted that the last, which leaves the rights of non-resident married persons in respect to property in Louisiana to be governed by the laws of their domicile, deprives the wife of her rights as a citizen, in property acquired by the husband during marriage in Louisiana. The answer to this has been already indicated. The laws of Louisiana affix certain incidents to a contract of marriage there made, or there partly or wholly executed, not because those who enter into such contracts are citizens of the State, but because they there make or perform the contract. And they refuse to affix these incidents to such contracts, made and executed elsewhere, not because the married persons are not citizens of Louisiana, but because their contract being made and performed under the laws of some other State or country, it is deemed proper not to interfere, by Louisiana laws, with the relations of married persons out of that State. Whether persons contracting marriage in Louisiana are citizens of that or some other State, or aliens, the law equally applies to their contract; and so, whether persons married and domiciled elsewhere, be or be not citizens or aliens, the law fails to regulate their rights. The law does not discriminate between citizens of the State and other persons; it discriminates between contracts only. Such discrimination has no connection with the clause in the constitution now in question. If a law of Louisiana were to give to the partners *inter sese* certain peculiar rights, provided they should reside within the State, and carry on the partnership-trade there, we think it could not be maintained that all copartners, citizens of the United States, residing and doing business elsewhere, must have those peculiar rights by force of the constitution of the United States, any more than it could be maintained that, because a law of Louisiana gives certain damages on protested bills of exchange, drawn or indorsed within that State, the same damages must be recoverable on bills drawn elsewhere in favor of citizens of the United States.

The rights asserted in this case, before the supreme court of Louisiana, are not privileges of citizenship; consequently, there is no error in the judgment of that court, which is hereby affirmed.