## GRATTON v. WEBER.

*(Circuit Court, D. Washington, N. D.   October 26, 1891.)*

1. COMMUNITY PROPERTY—RIGHTS OF NON-RESIDENT WIFE.

   The community property act of Washington Territory, 1879, making lands purchased by the husband the common property of husband and wife, applies as well to property within the territory, acquired by non-residents, as that purchased by residents.

2. DECREE OF FOREIGN COURT—TRANSFER OF TITLE—ESTOPPEL.

   A decree for divorce, entered by the state court of Oregon, provided that the husband should pay the wife the sum of $5,000 in satisfaction of her interest in such of the husband's lands as lay without the state, on condition that the wife should accept such sum in full satisfaction of her interest in those lands, and file a conveyance to the husband of such interest, with the clerk of the court. The wife caused execution to be issued on the decree, and sold the husband's lands in Oregon to satisfy the same, which lands the husband redeemed by paying the amount of the execution to the wife. No conveyance or release of interest in the Washington lands was ever executed by the wife, as directed by the decree. *Held*, that such decree of the state court of Oregon could not operate to transfer plaintiff's interest in community lands in Washington, nor estop her from recovering them from her husband's widow by a second marriage.

In Equity.

In the year 1884, the complainant's husband, Emil Weber, purchased 3,400 acres of land situated in Clallam county, in this state. The plaintiff claims that by said purchase the lands became community property, and that she is now the owner of an undivided one-half thereof. In 1886, by a decree of a circuit court of the state of Oregon, the complainant was granted a divorce from the said Weber. At the time the lands were purchased, and until after the divorce, the parties were domiciled in the state of Oregon. After the divorce Weber died in the state of Oregon. The defendant claims to be his widow, having been married to him very soon after the divorce, and she now claims to own an interest in said lands, and denies that the complainant has any interest therein. The lands are unoccupied, and this suit in equity has been brought to determine the disputed questions as to plaintiff's interest. The validity of the defendant's marriage to Weber is disputed, but I do not find it necessary to decide that question. In her complaint against Weber filed in the divorce suit, the plaintiff alleged that he owned 2,600 acres of land in Washington Territory, but did not give any description thereof, and she prayed for a division of all his property, and a suitable award to her out of the same, including his lands situated outside of the state of Oregon. By the decree the court gave the complainant one-third of Weber's real estate in Oregon, and a judgment for $5,000 in money for her own maintenance; and, as to the property outside of Oregon, the decree contains the following clauses:

"It is further considered and adjudged that the said sum of five thousand ($5,000) dollars awarded to the plaintiff is granted upon condition that it shall be accepted by the plaintiff in lieu and in full satisfaction of all her right, title, and interest of, in, and to the lands and property described in the complaint in this suit, owned by the defendant, Emil Weber, and situated without the state of Oregon. It is further considered and adjudged that, upon the

defendant, Emil Weber, paying to the clerk of this court said sum of $5,000, awarded to plaintiff as maintenance, or upon the recovery of said sum on execution issued to enforce this decree, and paid over to said clerk, the plaintiff shall file with said clerk a release and conveyance of all her estate, right, title, and interest in and to the said lands owned by the said defendant, Emil Weber, situated without the state of Oregon; said sum of money and said release and conveyance to be held by said clerk, subject to the order of this court, to be turned over to the respective parties herein, said plaintiff and defendant Weber."

An execution was issued, and real estate in Oregon was sold to the complainant to satisfy the judgment for $5,000. Said real estate was redeemed by Weber, and the amount of the judgment was paid to the complainant, without any conveyance or release of lands by her, as the decree provided for, being exacted. She has not conveyed any interest in the lands in controversy, by any deed, to any person, and, if she ever had any interest therein, she has it yet, unless, by the decree of the court in Oregon, and the proceedings thereunder, she has been deprived thereof, or estopped from claiming it.

*B. F. Dennison* and *E. W. Bingham*, for complainant.

*Tustin, Gearin & Crews*, for defendant.

HANFORD, J., (*after stating the facts as above.*) Prior to the revision of the community property law by the act of 1879, non-resident married persons were not affected by the community property law of Washington Territory. The act of 1879, however, and all subsequent legislation upon the subject is general, and applicable to all subsequent acquisitions of real estate situated within the territory, by non-residents as well as by inhabitants. Property acquired by purchase, by a married person, is presumed to be community property, and there is no evidence in this case to overcome that presumption as to the land in controversy. I hold that the complainant did acquire an interest therein equal to that of her husband, Emil Weber.

The court which granted the divorce had no power to make a decree which could, of itself, operate upon land in Washington Territory, so as to transfer the title. Said decree does not purport to have such effect, and there is not in the record in that case any description of this land, by which the same or any part of it could be identified, or recital or expression showing that the court intended to touch the complainant's interest therein. Her complaint and the decree only refer to the property of Weber. The natural inference and legal presumption is that no reference was intended to the community property of Weber and his wife. Payment of the money decreed to complainant, without an exaction of a conveyance of her interest in this property, and her acceptance of it, cannot have the effect to convey or extinguish her title, or create an estoppel. It is certainly illogical to say that her failure to execute a deed in compliance with the court's order is equivalent to a conveyance of her interest in this land as if the deed had been made. The circumstances under which the $5,000 was paid without a deed from the complainant being exacted, either by Weber or the officers of the court, are not

shown, and there is absolutely no evidence of any such acts on her part as should, either in a court of law or equity, bar the complainant from asserting her right to and claiming the land referred to. It is the opinion of the court that she is the owner of an undivided one-half of said land as tenant in common with the vendees of Weber, and a decree will be entered as prayed for.