WEBER v. GRATTON et al.

(Circuit Court, D. Washington, N. D.   March 11, 1898.)

EQUITY—KNOWLEDGE OF FACTS—INTERVENING RIGHTS—LACHES.

In 1874 complainant's husband informed her that he intended to obtain a divorce, and marry another, and they separated, she going to a distant state.   Soon after, he did obtain a divorce, married a woman who believed the divorce valid, and children were born to them.   He acquired title to valuable timber land, which he incumbered by mortgages securing $10,500. In 1886 his second wife obtained a divorce from him, and in 1889 he was killed.   After his death, half of the land was decreed to his second wife, as community property, and the owner of the mortgages obtained title to the other half by foreclosure and sale.   In June, 1891, complainant first had actual notice of the divorce, and, over four years thereafter, began a suit in equity to establish her title to the land, alleging that the divorce was fraudulently obtained, and that the court, because of defective notice, had no jurisdiction to grant it.   *Held* that, if complainant ever had any rights to equitable relief, they were all forfeited by her laches.

W. M. Gregory, Ralph R. Duniway, and W. A. Williams, for complainant.

James Kiefer and Richard Williams, for defendants.

HANFORD, District Judge.   This is a suit in equity, by Selona Weber, to establish her title to unoccupied timber lands, in the aggregate 3,400 acres, situated in Jefferson and Clallam counties, in this state.   The story of this case, and the grounds upon which the complainant bases her claim to ownership of the property, as disclosed by the pleadings, evidence, and stipulations of the parties, are as follows:   The complainant was lawfully married to Emil Weber, in the state of Ohio, September 11, 1871.   At that time Weber was a young man, living with his parents, and without means to support his wife.   In about one year after the marriage, he left the complainant to shift for herself, and went to Wyoming, where he became acquainted with Mary J. Fuhr, who is now Mary J. Gratton, one of the defendants.   In 1874 he returned to Ohio, and, meeting the complainant there, represented to her that he had prospered in business in the West, so that he was able to support her, and induced her to go with him to live in the state of Indiana.   A few days afterwards he informed her that he did not intend to live with her, and had removed to Indiana for the reason that it would be easier to obtain a divorce in that state than in Ohio, and he also informed her that he intended to marry Mary J. Fuhr.   Pursuant to a suggestion from her husband, and with money which he gave her for expenses of the trip, the complainant then went to visit her sister in Iowa, and she subsequently removed to New York City, where she has since resided. At the time of leaving her husband, in Indiana, the complainant un-

derstood that her separation from him was to be permanent. Soon afterwards he commenced a suit for divorce against her, by the name of Lona Weber, by which name she was known among her acquaintances in Ohio, in the court of common pleas for Madison county, Ohio, alleging as grounds for divorce that complainant had been willfully absent from him for a period of over three years; and in May, 1875, a decree of divorce was rendered by that court. In the year 1877, Mary J. Fuhr, believing that Weber had obtained a divorce lawfully, was married to him in Wyoming; and there has been born to them three children, who are joined as defendants in this case. In the year 1884, Weber purchased the lands in controversy, paying only a part of the purchase money therefor, and gave to one of his vendors a mortgage on part of the lands for the unpaid purchase money, amounting to $4,500; and he subsequently mortgaged all of the lands as security for a promissory note for $6,000. In the year 1886, the defendant Mary J. Gratton obtained a divorce from Weber, in Oregon; and he subsequently married a third wife, and in the month of May, 1889, he was killed. After the death of Weber, and after her marriage to the defendant Isaac Gratton, the defendant Mary J. Gratton, in a suit against Weber's third wife, obtained a decree in this court, establishing her title to an undivided one-half of the lands in controversy, on the ground that under the laws of Washington territory, in force at the time of the purchase of said lands, the same became community property, and, she being at that time Weber's lawful wife, her interest in the lands was equal to his, and the effect of the divorce granted to her changed her interest to ownership of an undivided one-half thereof. Gratton v. Weber, 47 Fed. 852. The father of Mary J. Gratton became the owner of both of the mortgages referred to, and foreclosed them in a suit against the administrator of Weber's estate, in the superior court for Clallam county. But, in the decree of foreclosure, the defendant Mary J. Gratton was recognized as owner of an undivided one-half of the property, unincumbered by said mortgages. The other half was sold pursuant to the decree; and, by subsequent conveyances, the defendant Mary J. Gratton has acquired whatever title passed by the judicial sale; and she has also acquired whatever right may have been transferred by sale of part of the lands for delinquent taxes.

The complainant avers that she did not have actual knowledge or any information of the suit for a divorce, or the decree granting it, until the month of June, 1891, and that the court in Ohio did not have jurisdiction to grant a divorce to her husband, for the reason that the statutes of Ohio prescribing the manner of giving notice to absent defendants in divorce cases were not obeyed; and she charges that the divorce was obtained fraudulently, for that the charge made against her in her husband's complaint was not true, and he purposely induced her to go away, so that he might obtain a divorce without opposition. She denies the validity of the decree, and of her husband's subsequent marriages, and the legitimacy of his children, and the validity of the decree of this court in the case entitled Gratton v. Weber, and the validity of the several mortgages above mentioned, and the validity and effect of the judicial sale of the lands in con-

troversy, pursuant to the decree of the superior court for Clallam county foreclosing said mortgages, and the validity of the several deeds conveying the land to the defendant Mary J. Gratton; and she claims ownership of the lands in controversy by force and virtue of the community property law of this state, in force at the time the lands were purchased by Emil Weber. Upon these grounds she commenced this suit in equity, more than six years after the death of the only wrongdoer, in which she asks for a decree giving her the land, which, if granted, must necessarily put a blight upon innocent lives.

I hold that her application comes too late, and that by her laches she has forfeited all her rights, if she ever had any, to claim equitable relief. Whatever legal rights she may have should be asserted in a court of law. This suit was not commenced until more than 20 years after the date of the decree granting a divorce to her husband, during which time he contracted a second marriage with a woman who believed the divorce to have been lawfully granted by a court of competent jurisdiction; children were born, who have rights to be considered; litigation was commenced in good faith, and proceeded with to final determination, and the father of the second wife invested his money for her benefit in the same property which the complainant now claims to own,—all of which would have been prevented if the complainant had proceeded with reasonable promptness in attacking the divorce, and having the decree vacated, if she had sufficient grounds for such proceeding. The complainant's ignorance of the fact that a divorce had been sued for and granted is not a sufficient excuse for her delay. The divorce was not a secret, but was a matter of public record and general notoriety in the town where she was married, and was known to her acquaintances and relatives. According to her own testimony, she was informed by her husband that he intended to obtain a divorce, and to marry the defendant Mary J. Fuhr; and her lack of information as to what did occur is due to the fact that she removed to a distance, and failed to keep in communication with her nearest relatives. After receiving actual knowledge of the divorce, she still neglected for four years to assert her rights, during which time the mortgages referred to were foreclosed; and whatever title Emil Weber had, at the time of his death, to an undivided one-half of the land in controversy, was, by the decree of foreclosure and the judicial sale pursuant thereto and subsequent deeds, conveyed to the defendant Mary J. Gratton. In view of all the circumstances, I hold that the case is a proper one for the application of the rule that equity will not aid those who have slumbered upon their rights, and this court will decline to scrutinize the record of the court which granted the divorce for the purpose of discovering flaws therein. Decree dismissing the suit.