HELEN H. BULLIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 68164, 73954. Promulgated April 25, 1935.

*A. Calder Mackay, Esq.*, for the petitioner.
*I. Graff, Esq.*, for the respondent.

502

## OPINION.

BLACK: The definition of separate property of husband and wife as provided in volume 13, California Jurisprudence, p. 815, sec. 22, is as follows:

All property, real or personal, owned by either husband or wife, before marriage, and that acquired afterwards by gift, bequest, devise or descent, with the rents, issues and profits thereof, is their separate property.

It has been clearly shown by the testimony in this proceeding that neither petitioner nor her husband owned any property before their marriage in 1913, that neither owned any property upon their arrival in California in 1914, that the stocks in question, except that particular stock of the Standard Oil Co. of California which it has been stipulated and agreed was the separate property of petitioner, were not acquired by either of them by gift, devise, etc.

The respondent has not filed a brief, but his position as indicated in the deficiency notice seems to be that because the stocks were registered in petitioner's name, they are therefore her separate property. The mere fact that stocks were carried in petitioner's name is not conclusive that they were her separate property. This presumption has been successfully overcome by petitioner.

Section 161 of the Civil Code of California provides:

A husband and wife may hold property as joint tenants, tenants in common, or as community property.

Sections 685 and 686 of the Civil Code of California, regarding interests in common, provide as follows:

[Section 685.] An interest in common is one owned by several persons, not in joint ownership or partnership.

[Section 686.] Every interest created in favor of several persons in their own right is an interest in common, unless acquired by them in partnership, for partnership purposes, or unless declared in its creation to be a joint interest, as provided in section six hundred and eighty-three, or unless acquired as community property.

Section 687 of the Civil Code of California defines community property as follows:

Community property is property acquired by husband and wife, or either, during marriage, when not acquired as the separate property of either.

In *Howard C. Hickman*, 27 B. T. A. 807; affd., 70 Fed. (2d) 985, we held that an agreement (oral) existed between the petitioner and his wife, residents of California, that compensation received by her for personal services should be her separate income and separate property. She made a separate income tax return of such compensation received and asked that the compensation be not treated as community income and taxed to the husband. We upheld the validity of the agreement.

In affirming our decision in that case, the United States Circuit Court of Appeals, Ninth Circuit, quoted from the case of *Wren* v. *Wren*, 100 Cal. 276, wherein sections 158 and 159 of the California statutes are referred to as follows:

Section *158* of the Civil Code provides that " either husband or wife may enter into any agreement or transaction with the other, or with any other person, respecting property which either might if unmarried "; and section *159* of the

same code provides that a husband and wife may by contract alter their legal relations as to property and the succeeding section makes the mutual consent of the parties thereto a sufficient consideration for such an agreement, etc.

It seems reasonable to hold that, if the husband and wife can contract with each other that certain property which would otherwise be community property shall be the separate property of the wife, they can also contract that certain property acquired prior to July 1927, which would ordinarily be community property in which the wife would have only a mere expectancy, shall be owned as tenants in common, in which each owns a vested one-half interest. This it appears they have effectively done in the instant case.

Undoubtedly the stocks in question, except the one block of stock in the Standard Oil Co. of California, given petitioner by her father, would have been community property in which the wife held only a mere expectancy, if it had not been for the express agreement between the husband and wife that all their stocks should be owned by them, share and share alike. This agreement concerning only personal property did not have to be in writing and was, in our judgment, sufficient to overcome the presumption that all such property was community property under the California statutes.

The Board has held in several cases that where husband and wife have a joint bank account on which either can check at will, they are joint tenants or tenants in common in the ownership of the account, depending upon the nature of their agreement, and that shares of stock purchased with the proceeds of such account belong equally to both unless a contrary proportion is agreed upon. Cf. *Alfred Hafner*, 31 B. T. A. 338; *L. C. Mitchell*, 28 B. T. A. 767; *Walter E. Dunham*, 27 B. T. A. 1068.

On the strength of the foregoing cited statutes and authorities, we hold that the stocks in question were owned by petitioner and her husband, Charles G. Bullis, as tenants in common, except the stock of the Standard Oil Co. of California that was given to petitioner by her father, and the Commissioner was in error in taxing petitioner with the entire amount of dividends shown in our findings of fact, and that the deficiency should be redetermined by taxing petitioner with only one half of the dividends except as to $1,672.48 dividends received in 1930 and $1,750 dividends received in 1931 by petitioner. These latter dividends petitioner concedes were her separate property and taxable to her alone.

The facts in the instant case are distinguishable from those which we had before us in *Alanson Weeks*, 31 B. T. A. 627. In the *Weeks* case we held that, where the petitioner borrowed funds from a bank with which to purchase certain corporate stock and gave his personal note therefor, at the same time depositing the stock with the bank as security for the loan, the legal presumption in California

being that the petitioner acted for and in behalf of the community and that presumption not having been overcome by evidence that the loan was made upon the faith and credit of his separate property, the community property presumption became absolute and conclusive, and, therefore the profit derived from the sale and the dividends received during the ownership of that stock constituted community income. We held that, the stocks having been acquired subsequent to July 29, 1927, the effective date of the amendment to the California community property law by which the wife was given a vested interest in community property, the dividends and profits were taxable one half to the husband and one half to the wife.

In the instant case, if we were to hold that the dividends were the community property of Charles G. Bullis and Helen H. Bullis, they would all be taxable to the husband, Charles G. Bullis, because the stocks from which the dividends were paid were acquired prior to July 29, 1927. Cf. *Paul F. Hill et al., Executors*, 24 B. T. A. 1144, and *Hirsch* v. *United States*, 62 Fed. (2d) 128; certiorari denied, 289 U. S. 735.

As we have already pointed out, however, we have in the instant case, contrary to what we had in the *Weeks* case, evidence which we think is ample to overcome the presumption of the California statute that the stocks in question acquired by Charles G. Bullis and Helen H. Bullis during coverture were community property.

Reviewed by the Board.

*Decision will be entered under Rule 50.*