### JOHNSON v. COMMISSIONER OF IN-TERNAL REVENUE.

#### Nos. 11338, 11339.

Circuit Court of Appeals, Eighth Circuit.
July 24, 1939.

Rehearing Denied Sept. 8, 1939.

Justin D. Bowersock, of Kansas City, Mo. (Robert B. Fizzell and John F. Rhodes, both of Kansas City, Mo., on the brief), for petitioner.

Louise Foster, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER and WOOD-ROUGH, Circuit Judges, and OTIS, District Judge.

OTIS, District Judge.

This opinion properly may be described as a sequel to Johnson v. Commissioner of Internal Revenue, 8 Cir., 88 F.2d 952. That opinion had to do with two cases coming to this court on petitions to review an order of the Board of Tax Appeals redetermining deficiencies in the income taxes of W. D. Johnson for the years 1927,

1928 and 1929. There is set out in the opinion a full statement of the facts shown by the record (exactly the same record, with a supplementary record, is here on the present petitions). That statement will not be repeated. In brief epitome of the statement it is sufficient to say that for the years 1927, 1928 and 1929 W. D. Johnson, the taxpayer, and his wife, filed separate returns. The taxpayer and his wife had resided in Texas until 1899 when they removed to Missouri. At that time they had accumulated property of some value. Under Texas law it was community property. The taxpayer contended that all assets held by him in 1927, 1928 and 1929 grew out of this community property and that one-half of the income from such assets was taxable to his wife. This court found that the decision of the Board of Tax Appeals, that more than one-half of the income attributed by the taxpayer to community property was in fact taxable to him, was sustained by substantial evidence and to that extent affirmed the decision of the Board. This court ruled, however, that one-half of the income actually derived from assets acquired with the proceeds or increment of the original community property was taxable to the wife and remanded the case to the Board of Tax Appeals that the taxpayer might have opportunity to produce evidence to establish what portion of the income received by him was, on the theory stated, taxable to his wife.

### The Supplemental Hearing.

Pursuant to the mandate the Board of Tax Appeals gave the taxpayer a supplemental hearing on October 28, 1937, that he might have the opportunity accorded him, but decided that it was unable upon the evidence offered to determine what portion of the taxpayer's income was taxable to his wife. The taxpayer again petitioned for review. The principal question now presented is: From the additional evidence offered is it possible to determine what portion of the income received by the taxpayer in 1927, 1928 and 1929 was taxable to his wife?

Except for the testimony of a witness who identified certain books and records the only evidence offered at the supplemental hearing was the testimony of the taxpayer. In that testimony he reviewed again the story of his business life—he had reviewed it in the original cases which culminated in the opinion cited supra. When he married in 1886 his wife had no property and never at any time did she inherit any property. The taxpayer himself had property at the time of his marriage valued at between $2,000 and $3,000. With that nucleus he continued his business career. By energy and thrift, by foresight and shrewd investments, by luck and daring, he built up his fortune until it amounted in thirteen years to a value estimated by him at $500,000, but that was only an estimate and it was corroborated by nothing. That was the amount of his fortune, so he testified, when he removed his residence from Texas. There is nothing in the evidence to indicate that the taxpayer's wife made any contributions, beyond what the average housewife makes, to the family fortune. Merely as a matter of Texas law, the family fortune was community property while the taxpayer and his wife remained in Texas.

When the taxpayer and his wife left Texas what was community property at the time continued to be community property. One-half of that property thereafter the taxpayer held in trust for his wife. Johnson v. Commissioner of Internal Revenue, supra. The taxpayer continued his successful career. He continued to manage the property he and his wife owned as if it were his property. What was a fortune of perhaps a half million dollars in 1899 became by 1927 a fortune exceeding two million dollars. No one, reading the record, can have any doubt that it was the taxpayer's managerial skill that produced this result, that it was his skill, his acumen, his industry, which account for the income received by him for himself and wife in 1927, 1928 and 1929. Except for the community property law of Texas, every cent of the income received by the taxpayer in the years here involved would have been his income. The foundation for his present contentions and for his contentions in the case decided is not reality but statutory fiat.

### No Further Showing.

We agree with the Board of Tax Appeals that the taxpayer did not at the supplemental hearing accorded him succeed in showing that any *definite* portion of the property possessed by him in 1927, 1928 and 1929 was attributable to the original community property. After the supplemental hearing, as before, it was clear that *some* of the income for the years in ques-

tion was attributable to the property which after 1899 the taxpayer held in trust for his wife and that some (more than half) of it was attributable to the separate property of the taxpayer himself. If there had been no other capital factors affecting income in the years in question a sufficient basis for allocation of income might have been established. But there were other capital factors as well as still other factors of a different character. That was pointed out in this court's opinion, supra. It was said there: "the evidence justifies the inference that the taxpayer made profitable use of his individual credit and the $91,504.12 received by him as salaries from 1916 to 1928, and that his individual efforts, credit, and funds resulted in the acquisition of substantial assets which could not properly be regarded as trust or community property." [88 F.2d 955.] Nothing was presented at the supplemental hearing which makes it possible to say what *definite* part of the income in question was not brought into being by the taxpayer's investment of his personal funds, as a result of his use of his personal credit, and through his individual efforts.

### Not a Rehearing.

We are constrained to believe that learned counsel for petitioner, having failed at the supplemental hearing before the Board to show "what definite portion of the entire property possessed by him (the taxpayer) in 1927, 1928 and 1929 was attributable to the original community property" (the case was remanded only that that might be done, if possible), now would re-argue the questions previously decided by this court in the opinion and judgment which constitute the law of the case. It is contended again that it should not be necessary to show what portion of the property held by the taxpayer in the years here involved was traceable to the original (that is, as of 1899) community prop-

erty, for it is contended again that all of the property is directly traceable to the original community property. But those contentions already have been resolved against the taxpayer. It was held by this court that some of the income producing property in the years involved was the fruit of money the taxpayer from time to time had borrowed. Learned counsel assume that the taxpayer's credit must have been due wholly to his control of the community property and not at all to his personal standing and reputation. But assumption is not proof. It was held by this court that some of the income producing property in the years involved was the fruit of salaries received by the taxpayer and by him invested in income producing property. Learned counsel assume that he would not have been paid salaries if he had not controlled property in which his wife was in the beginning equally interested. Again assumption is not proof. It was held by this court that some of the income producing property in the years involved was the fruit of the personal efforts of the taxpayer and that is too obvious to be questioned. Learned counsel does not question it, but asserts that the taxpayer had the right to *contribute* his services in the management of such of the property controlled by him as he held in trust for his wife. So it is argued that the value of the taxpayer's personal efforts in producing the income of the years involved should be ignored. But that contention already has been decided adversely to the taxpayer.

The taxpayer has failed to make that definite showing he was given opportunity to make. It was not intended that he should be given an opportunity to file a second petition for re-hearing in the case heretofore decided.

The judgment of the Board of Tax Appeals should be and it is affirmed.