## VAN EVERY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9256.

Circuit Court of Appeals, Ninth Circuit.

Jan. 5, 1940.

Edward L. Conroy and Don Conroy, both of Los Angeles, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Ellis Slack, and Louise Foster, Sp. Assts. to Atty. Gen., for respondent.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

The question presented to this court in this petition is whether the petitioner was required to report, as belonging to him individually, all salary received by him subsequent to a property settlement agreement dated July 6, 1935, or if such salary could be returned by the petitioner and Ellen C. Van Every on a community basis.

The facts were stipulated. The petitioner and Ellen C. Van Every were husband and wife for several years prior to 1935, and on the 8th day of July, 1935, an interlocutory judgment of divorce was entered in the Superior Court of the State of California, in and for the County of Los Angeles, in which suit for divorce Ellen C. Van Every was plaintiff and Dale Van Every was defendant. On April 15, 1937, a final judgment of divorce was entered in said divorce proceedings. The petitioner and Ellen C. Van Every concluded a property settlement agreement on July 6, 1935, and the provisions thereof were performed and carried out by the parties thereto. No other payments of cash or property than those provided for by the property settlement above referred to were made by the petitioner to Ellen C. Van Every after July 6, 1935. The petitioner filed income tax returns for the years 1935 and 1936, in

which he returned one-half of his salaries (less expenses) as income.

The property settlement agreement stated that the parties desired that all their property rights, interests, and claims and also all rights and obligations for the support and custody of their two minor children should be fully and finally adjusted, determined, and settled thereby. By the agreement, the petitioner conveyed and assigned to his wife certain real and personal property, including library, investments, insurance policies, etc. He also agreed to pay his wife $18,000 per year ·(but no more than one-half of his net income and no less than $500 per month), in monthly installments, for her support and maintenance and that of his children, whose custody and control were granted to her. The agreement contained reciprocal releases to the property transferred and to all claims against each other's property, present or future, and provided for settlement of all future demands or obligations. The agreement, in addition, made provision for modifications and adjustments to be made in certain contingencies and for other eventualities not material to the issue.

The Board of Tax Appeals held that all the salary received by petitioner subsequent to July 6, 1935, was taxable to him, and found that there were deficiencies in petitioner's income tax for the years 1935 and 1936.

In California, "Under the Civil Code [§ 158], 'Either husband or wife may enter into any engagement or transaction with the other, * * * respecting property which either might if unmarried.' They may by contract alter their legal relations as to property [§ 159, Civ.Code Cal.], and the mutual consent of the parties is sufficient consideration therefor [§ 160, ibid.]. * * * Accordingly, a husband or wife may, by an agreement between themselves, without any other consideration than mutual consent, convey or transfer from one to the other all title or interest in either separate or community property. They may change the character of property from community to separate or from separate to community. * ·* * In short, the utmost freedom of contract respecting property exists in California between husband and wife." 13 Cal.Jur. § 45, pp. 845–847. Section 159 of the Civil Code of California, noted above, reads as follows: "A husband and wife- cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree, in writing, to an immediate separation, and may make provision for the support of either of them and of their children during such separation."

The Supreme Court of the State of California discussed sections 158 and 159 of the Civil Code of California in Wren v. Wren, 100 Cal. ·276, 279, 280, 34 P. 775, 776, 38 Am.St.Rep. 287, as follows: " * * * Under these sections, there can be no doubt that a husband and wife may agree between themselves,.without any other consideration than their mutual consent, that money earned by the wife in performing any work or service which does not devolve upon her by reason of the marriage relation shall belong to her as her own, and, when money has been earned by the wife under such an understanding or agreement with the husband, it is her separate property, and she may maintain an action to recover the same. An agreement between husband and wife by which the husband relinquishes all claim to the earnings of the wife, is one which relates to the acquisition of property by the wife, and is an engagement or transaction respecting property, within the meaning of section 158 of the Civil Code, above cited." See, also, Kaltschmidt v. Weber, 145 Cal. 596, 599, 79 P. 272.

Therefore, the Van Everys were competent to enter into the contract above described, which changed the status of all property thereafter acquired by the petitioner here to separate property, and such agreement was binding upon both parties. In re Davis' Estate, 106 Cal. 453, 455, 39 P. 756. That point being determined, we pass on to the question of the petitioner's tax liability on this separate property. Unquestionably his income falls within the general definition of gross income as set forth in the Revenue Acts of 1934 and 1936, 48 Stat. 680, 686, § 22, 26 U.S.C.A. § 22; 49 Stat. 1648, 1657, § 22.

We believe our decision in Helvering v. Hickman, 9 Cir., 70 F.2d 985, to be analogous with the instant case. The question there involved was whether Hickman was taxable for the income of his wife in view of an agreement made between them in 1906 to the effect that the earnings of the wife should thereafter be her separate property. The Board sustained the taxpayer and this court affirmed its decision. Judge Wilbur, writing for the· court. re-

viewed the law of California and discussed the cases of Earl v. Commissioner, 9 Cir., 30 F.2d 898, reversed, Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, and Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239, and stated at page 987 of 70 F.2d: "Whether the Earl Case is entirely consistent with the later case of Poe v. Seaborn, supra, we need not inquire, for the later decision is controlling. It is distinctly held in the case of Poe v. Seaborn, supra, that if by law the earnings of the husband or wife are not community property the earnings should not be taxed as such. By the law of California, as construed by her courts, the earnings of the wife never became community property if the husband and wife have agreed that they shall be and remain her separate property, hence, under the decision in Poe v. Seaborn, such earnings should not be taxed as income to the husband."

If we apply the reasoning of Hickman's case, supra, to the facts in the instant case we come to the conclusion that the earnings of Dale Van Every are taxable to him as his separate property. Compare Sherman v. Commissioner, 9 Cir., 76 F.2d 810; Grant v. Commissioner, 29 B.T.A. 760.

The decision of the Board of Tax Appeals is affirmed.