## BLACK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9385.

Circuit Court of Appeals, Ninth Circuit.

July 27, 1940.

Robt. T. Jacob and Ashley Greene, both of Portland, Or., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Edward H. Horton, and Carlton Fox, Sp. Assts. to Atty. Gen., for respondents.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

The case is here on petition to review an order of the Board of Tax Appeals assessing deficiencies in petitioner's income taxes for the years 1934 and 1935.

Petitioner was married in 1901. Thereafter until 1915 he lived with his wife in Pomeroy, Washington, at which time the couple removed to Oregon where they have since resided.

In 1910 petitioner and his brother each inherited from their father an undivided one quarter interest in 3,400 acres of farm land in Garfield County, Washington. In 1931 they acquired, by deed from their mother, an undivided one half interest in part of the land, and upon the mother's death in 1932 they inherited her remaining interest. In 1911 the brothers entered into an oral agreement of partnership and have since operated the tract under a partnership name. Profits and losses were shared equally between them, and each in alternate years managed the property.

The land was leased to tenants on shares. Upon the sale of the partnership's share of the crops the proceeds were deposited in bank in a partnership account. As the profits were divided, petitioner placed his share in a joint bank account kept by himself and wife.

Between 1898 and 1929 petitioner acquired other lands in Washington and Idaho which he managed alone.

In 1933 petitioner and his wife executed a written agreement by which they undertook to convert into community property all property of whatever nature then owned by them or thereafter to be acquired. The instrument was acknowledged and recorded in Garfield County, Washington.

In the tax year 1934 the partnership had a net income from the Washington property operated by it, half of which was distributed to petitioner. Petitioner also had net income from his other real estate in Washington and Idaho operated by him

individually. Likewise in 1935 he had income from the same sources, plus income from "partnership land sold separately." For those years petitioner and his wife treated the income as community income and filed separate returns. The Commissioner assessed deficiencies, holding that the entire income was taxable as the separate property of the petitioner.

The Board upheld the Commissioner. It did not dispute the proposition that the agreement mentioned had the effect of converting petitioner's separate property into community property, but held that since the partnership interest was itself personalty, and hence not subject to Washington law, the agreement "was an attempt to import into Oregon [a non-community property state] as the law controlling the ownership of personal property in that state a kind of tenure not recognized there." Accordingly the 1933 agreement was held ineffective to stamp the income as community income.

In its opinion the Board took no note of those items of income derived from the land operated by petitioner individually or of the item received from the separate sale of a part of the land operated by the partnership.

 1. The sufficiency of the 1933 agreement to effect the object of the parties is gauged by the laws of the situs of the land. "The effect of marriage upon an interest in land acquired by either or both of the spouses during coverture is determined by the law of the state where the land is." Restatement, Conflicts, § 283. See also, Beale, Conflict of Laws, Vol. 2, § 283.1, pp. 952–953; 11 Am.Jur. 182; Rush v. Landers, 107 La. 549, 32 So. 95, 57 L.R.A. 353. And in Volz v. Zang, 113 Wash. 378, 194 P. 409, it was held that an instrument identical in form with the one here involved effected a conversion of separate into community property. Compare United States v. Goodyear, 9 Cir., 99 F.2d 523. It follows that the 1933 instrument had like effect, and petitioner's wife thereafter had a vested community interest in the land and in the rents and proceeds therefrom.

 The situation is not altered by the fact that the parties were domiciled in Oregon. The Washington laws control the status of property acquired there during coverture in the case of non-resident as

well as resident married persons.[1] Gratton v. Weber, C.C., 47 F. 852. See particularly discussion in Hammonds v. Commissioner, cited in the note. .

In respect of the Idaho lands we think the same situation obtains.[2]

2. Under these circumstances, may income from the property be divided by petitioner and his wife and reported as community income?

While the problem depends upon the construction of the federal revenue acts and is thus not primarily one of the state law (Morgan v. Commissioner, 309 U.S. 78, 80, 60 S.Ct. 424, 84 L.Ed. 585; Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199), it is true, as a general proposition, that the federal income tax is imposed upon the owner of the income; and the right of husband and wife to file separate returns, each reporting half of the community income, is present if each owns the income he reports. Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Goodell v. Koch, 282 U.S. 118, 51 S.Ct. 62, 75 L.Ed. 247; Hopkins v. Bacon, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249; Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252; United States v. Malcolm, 282 U.S. 792, 51 S.Ct. 184, 75 L.Ed. 714. Cf. Lang v. Commissioner, 304 U.S. 264, 58 S.Ct. 880, 82 L. Ed. 1331, 118 A.L.R. 319. The rule is based upon the interpretation of the phrase "net income of every individual," appearing in all revenue acts since 1919. Poe v. Seaborn, supra. "State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed." Morgan v. Commissioner, supra [309 U.S. 78, 60 S.Ct. 426, 84 L.Ed. 585].

A consideration of the many cases bearing on this subject would serve merely to lengthen the opinion. This court has consistently upheld the proposition that where married persons, domiciled in a community property state, make an agreement,

valid under the local law, whereby the future earnings of each shall not become community property, but shall remain the separate property of the recipient, such agreement will be recognized in applying the federal income tax law. Helvering v. Hickman, 9 Cir., 70 F.2d 985; Van Every v. Commissioner, 9 Cir., 108 F.2d 650; Sparkman v. Commissioner, 9 Cir., 112 F.2d 774.

The present case is distinguishable from Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, since we are here dealing with an agreement between the spouses as it affected the status of the property from which the income was derived. The distinction between an agreement relating to future earnings, or other income, and one which affects the title to property which may later produce income, has been stated by this court in Anderson v. Commissioner, 9 Cir., 78 F.2d 636, 639. See also, Paul and Mertens, Law of Federal Income Taxation, 1939 Cum.Supp. § 53, 42, pp. 2609–2611; Magill, Taxable Income, Chap. 8, pp. 248–292; Bullis v. Comm'r, 32 B.T.A. 501. United States v. Goodyear, 9 Cir., 99 F.2d 523.

3. Since petitioner and his brother owned undivided interests in the realty, it was doubtless convenient for them to operate it as partners. But the partnership did not own the land. It is not thought that the agreement to convert into community property land theretofore separately owned was any less effective because of the existence of the partnership. And, under local law, the partnership arrangement did not of itself deprive the wife of her vested community interest, either in the land or in the income. Rucker v. Blair, 9 Cir., 32 F.2d 222.

While for certain purposes petitioner's interest in the partnership is to be regarded as personal property, we are unable to see any significance in the fact so far as concerns the disposition to be made of the case. The income from the community

---

[1] Although a state may well deny to non-residents the incidents of its community property laws (Conner v. Elliot, 18 How. 591, 15 L.Ed. 497), it may also extend the community property system to non-residents, at least as to lands acquired by them within the state. Hammonds v. Comm'r, 10 Cir., 106 F.2d 420; Heidenheimer v. Loring, 6 Tex.Civ.App. 560, 26 S.W. 99; 23 Tex.Jur. 146; Jacobson v. Bunker Hill & S. Mining, etc., C., 3 Idaho, Hasb., 126, 28 P. 396; Williams v. Pope Mfg. Co., 52 La.Ann. 1417, 27 So. 851, 50 L.R.A. 816, 78 Am.St.Rep. 390.

[2] Jacobson v. Bunker Hill & S. Mining Co., 3 Idaho, Hasb., 126, 28 P. 396. Ch. 9, Title 31, Idaho Code, 1932; Douglas v. Douglas, 22 Idaho 336, 125 P. 796.

land was personal property, certainly, but its status as community property is not altered by the circumstance that the spouses were domiciled in a non-community state. Compare Johnson v. Commissioner, 8 Cir., 88 F.2d 952; Id., 8 Cir., 105 F.2d 454; Hammonds v. Commissioner, supra, note 1.

Here the partnership filed the usual information returns, but it paid, and was required to pay, no tax. Individuals carrying on business in partnership are liable for income taxes in their individual capacity only. Sec. 181, Revenue Act of 1934, c. 277, 48 Stat. 680, 730, 26 U.S.C.A.Int.Rev. Acts, p. 728. Each partner, in computing his net income, is required by Sec. 182 of the act, 26 U.S.C.A.Int.Rev.Acts, p. 728, to report his distributive share of the net income of the partnership, whether distributed to him or not.

In view of the language of the statute, we are not disposed to interpret it as meaning that the entire amount of income distributable to a partner is taxable to him, even though half of it is owned by his wife. The better interpretation of the provisions referred to would seem to be that, in cases involving community income, the tax is imposed on the individual partner to the extent only of his ownership of the income. Compare Blair v. Commissioner, 300 U.S. 5, 12, 57 S.Ct. 330, 81 L.Ed. 465. This seems to be the Commissioner's construction, since Art. 182-1, Regulations 86, promulgated under the 1934 act direct that "if separate returns are made by the husband and wife domiciled in a community property state, and the husband only is a member of a partnership, that part of his distributive share of the partnership's net income which is community property should be reported by the husband and by the wife in equal proportions."

The view taken is not, we think, inconsistent with Burnet v. Leininger, 285 U.S. 136, 141, 53 S.Ct. 345, 76 L.Ed. 665. In that case there had been no transfer of the partnership assets but a mere assignment of part of the distributive share of the partner.

In Rucker v. Blair, supra, a case from this circuit, the taxpayer and another had entered into a partnership venture in Washington upon borrowed capital represented by notes signed by the partners for the firm. It was held that, under the laws of Washington, the taxpayer's distributive share of the partnership income was community property, returnable under the revenue act of 1926, one-half by the taxpayer and one-half by his wife. "There is," said the court, "no alchemy in the term 'partnership' or in the relation it imports, and contributions of community funds to a joint or partnership enterprise are not ipso facto converted into separate property. We are concerned with the status of the property invested, not with the form in which it was held." [32 F.2d 224.]

The Commissioner claims that part, at least, of the partnership income was attributable to the personal services of the taxpayer as manager. Assuming that to be true, the portion of the income attributable to petitioner's services would necessarily be separate property, taxable to petitioner alone, since the status of earnings is controlled by the law of the domicile. Blumenthal v. Commissioner, 2 Cir., 60 F.2d 715, certiorari denied 287 U.S. 662, 53 S.Ct. 220, 77 L.Ed. 571; Paul and Mertens, Law of Federal Income Taxation, Vol. 2, pp. 61, 62. The same observation applies to the income from petitioner's lands not operated by the partnership. Naturally the taxpayer has the burden of proving, if he can, what portion of the income is attributable to the land itself. Johnson v. Commissioner, supra. Since the Board made no finding on this subject, the case must be remanded so that it may be ascertained to what extent, if any, the income represents personal earnings.

We think, despite procedural arguments of the Commissioner, that the Board was sufficiently apprised of the contention of the taxpayer relative to income from the land other than that operated by the partnership. The Board made separate findings as to these items. Any uncertainty with respect to this phase of the case may be clarified upon further hearing.

The order is reversed and the case remanded for further proceedings not inconsistent with this opinion.

HANEY, Circuit Judge (dissenting).

I think the majority misconceive the real point in this case. Dissertations on the law of community property are of little value here, if it is not applicable. The real issue here is: is the law of Washington, a community property state, applicable, or, is

the law of Oregon, a non-community property state, applicable?

The permission to divide the husband's income between the husband and wife in community property states, was probably one of the greatest discriminations against the people of 85% of the states in the union that has recently occurred. Estimates of the loss to the government vary from $9,-000,000 to $60,000,000 annually. See Hearings before a Subcommittee of the Committee on Ways and Means, House Of Representatives, 73rd Cong., 2nd Sess., on H. R. 8396, pp. 2, 5, 11, 12, 48, 78. An annual loss of $10,000,000 for 20 years is two hundred millions of dollars. The indications are that the loss has been much greater. The people in the remaining 85% of the states have had to bear the brunt of such patent discrimination. If we are to uphold petitioner here, then there seems to be no reason why all people in non-community property states cannot take advantage of the precedent thus announced—a catastrophe to government finances.

The basis for a tax on income has been uniformly stated in the various income tax acts as the "net income *of* every individual". (Italics supplied). It can be seen, therefore, that the question is whether the income is income "of" the husband, alone, or income "of" both the husband and wife as a community. Such question is determined differently according to whether ownership is determined by the law of a community property estate, or by the law of 85% of the states which have no community property system. It is apparent that the determination of the question is actually a determination of the question as to which of these two groups of rules should apply.

In United States v. Robbins, 269 U.S. 315, 327, 46 S.Ct. 148, 149, 70 L.Ed. 285, the guide was given as follows: " * * * Even if we * * * assume that the wife had an interest in the community income that Congress could tax if so minded, it does not follow that Congress could not tax the husband for the whole. * * * " Notwithstanding such clear implication, when the question as to the taxability of community income was presented to the Supreme Court, we find that the Commissioner had conceded away his case. The answer to the determining question was

never made, and the necessity therefor was obviated by a concession, shown to have been made in Poe v. Seaborn, 282 U.S. 101, 110, 51 S.Ct. 58, 75 L.Ed. 239, as follows: "The Commissioner concedes that the answer to the question involved in the cause must be found in the provisions of the law of the State [of Washington—a community property state]."

Based upon that concession, the Supreme Court held that the husband in his individual return need include only one-half of the community net income. See, also, Goodell v. Koch, 282 U.S. 118, 51 S.Ct. 62, 75 L.Ed. 247; Hopkins v. Bacon, 282 U.S. 122, 51 S. Ct. 62, 75 L.Ed. 249; Bender v. Pfaff, 282 U.S. 127, 51 S.Ct. 64, 75 L.Ed. 252; United States v. Malcolm, 282 U.S. 792, 51 S.Ct. 184, 75 L.Ed. 714. The Supreme Court did not decide that to determine the question as to whom community income was taxable, the law of the state of the residence of the taxpayer or of the situs of the income, must be applied. In fact, the question was not presented. Moreover, in each of the cases cited, the taxpayer was a resident of the community property state in which the income was derived. That fact is absent here.

It is apparent, therefore, that the primary question to be decided here, is what law is to be applied. On that question, the parties, only by inference, have presented an argument. Petitioner contends that the income must be considered community income because the instrument made by petitioner and his wife converted all the property from which the income was derived into community property, and because most of the property, other than that operated by the partnership, was purchased with community funds. We may assume, for the purposes of this decision, that if the law of Washington is applied, then petitioner's contention is correct.

The statute simply levies taxes on the "net income of every individual" and the "surtax net income of every individual". §§ 11, 12(a, b), Revenue Act of 1934, 26 U. S.C.A.Int.Rev.Acts, page 665. By § 181, partners are taxed "only in their individual capacity", so that the question to be decided is whether or not the income in question is the income "of" petitioner. As said, that question is to be decided by determining whether the law of Washington, a community property state, or the law of

 

Oregon, and other states, non-community property states, is to be applied.

The test for determining the applicable law is stated in Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199, as follows: "Here we are concerned only with the meaning and application of a statute enacted by Congress, in the exercise of its plenary power under the Constitution, to tax income. The exertion of that power is not subject to state control. It is the will of Congress which controls, and the expression of its will in legislation, in the absence of language evidencing a different purpose, is to be interpreted so as to give a uniform application to a nation-wide scheme of taxation. * * * State law may control only when the federal taxing act, by express language or necessary implication, makes its own operation dependent upon state law. * * *" See, also, Biddle v. Commissioner, 302 U.S. 573, 578, 58 S.Ct. 379, 82 L.Ed. 431; Founders General Co. v. Hoey, 300 U.S. 268, 275, 57 S.Ct. 457, 81 L.Ed. 639; Thomas v. Perkins, 301 U.S. 655, 659, 57 S.Ct. 911, 81 L.Ed. 1324.

By the levy of a tax on the net income "of" every individual, it is clear that Congress did not expressly provide that ownership of net income was determinable by any particular law. That it did not do so by implication is made clear by the cases holding that ownership was not to be determined by the law of the residence of the taxpayer or the situs of the property. Weiss v. Weiner, 279 U.S. 333, 49 S.Ct. 337, 73 L.Ed. 720; Burnet v. Harmel, supra; Lyeth v. Hoey, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, 119 A.L.R. 410. Thus, there is no compelling reason for extending this patent discrimination against the great majority of citizens of the United States by application of the device known as the community property law.

Interpreting the word "of" so as to give "a uniform application to a nationwide scheme of taxation" requires a holding that ownership of the income in question is not to be determined by the law of Washington, no matter how that law may designate it. Applying the law of the great majority of the states, including Oregon, and looking to "a uniform application to a nation-wide scheme of taxation", I think that the income in question was properly includable in petitioner's return.