**Raphaelene Venneri SIMMONS, Plaintiff,**

v.

**Joseph M. CULLEN, Defendant.**

**Civ. No. 38513.**

United States District Court
N. D. California, S. D.
Aug. 24, 1961.

180

Herbert Pothier, Henry Robinson, Marcel E. Cerf, Robinson & Leland, San Francisco, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., Richard L. Carico, Asst. U. S. Atty., San Francisco, Cal., for defendant.

WOLLENBERG, District Judge.

■ This is a suit by plaintiff taxpayer for refund of taxes paid pursuant to a deficiency notice and demand for payment by the Acting District Director, defendant herein. Jurisdiction is based upon Int.Rev.Code of 1954, § 7422, 26 U.S.C.A. § 7422, 28 U.S.C.A. § 1340 (1950), and 28 U.S.C.A. § 1346 (Supp. 1960).

Trial was had to the Court on the following stipulated facts:

Plaintiff Raphaelene Venneri Simmons was employed during the calendar year 1955 by I. Magnin & Co., a San Francisco Department Store. During 1955 income tax was withheld by plaintiff's employer from her wages, pursuant to § 3402, Int. Rev.Code of 1954, 26 U.S.C.A. § 3402, in the amount of $3,170.40. Upon the filing of her 1955 income tax return, plaintiff claimed this amount as a credit against her tax liability for 1955 of $3,230.27, paying the balance, $59.87, upon filing the return.

In June, 1957, plaintiff received from the District Director notice of proposed

deficiency of Federal income tax for 1955 in the amount of $1,585.20, resulting from the disallowance as a credit against tax due in 1955 one-half of the amount withheld from plaintiff's wages in 1955. In 1957 and 1958 the plaintiff paid $1,755.72, representing the amount of tax due plus interest thereon, and filed, on May 20, 1958, a claim for refund for this amount. The claim was disallowed on July 29, 1959.

During 1955, plaintiff was married to Horace Simmons. On November 15, 1955, plaintiff and Mr. Simmons separated, Mrs. Simmons subsequently filing suit for divorce against her husband in the Superior Court in San Francisco on November 29, 1955. On January 31, 1956, plaintiff and her husband entered into a property settlement agreement, which was "ratified and approved" in the interlocutory decree of February 16, 1956 and the final judgment of divorce entered February 26, 1957. [Stipulation of Facts Agreed Upon, pp. 3–4.]

The District Director contends that for income tax purposes a husband and wife domiciled in a community property state are to be treated as separate taxpayers as to their respective portions of the community income and are required to report their proportion of such income and credit for tax withheld at source in their separate returns.

■■ Section 1(a) of the Int.Rev. Code of 1954, 26 U.S.C.A. § 1(a), imposes a tax on the taxable income "of every individual." The Supreme Court has determined that the words "of every individual" denote ownership and that the incidence of the tax follows ownership of the income. Poe v. Seaborn, 1930, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239. The determination of the question of ownership in this situation is governed by local rather than Federal law. Poe v. Seaborn, supra. Black v. Commissioner, 9 Cir., 1940, 114 F.2d 355. Since 1931, following the ownership theory set forth in Poe v. Seaborn, supra, it has

been settled that income from California community property must be divided for income tax purposes between the respective spouses. United States v. Malcolm, 1931, 282 U.S. 792, 51 S.Ct. 184, 75 L.Ed. 714. Since the salaries are community property, to be divided equally between the spouses, any amount withheld to pay an obligation of both spouses should be considered to have been withheld from each. Gilmore v. United States, Ct.Cl., 290 F.2d 942.

■■ The Code and the Regulations, since 1939, have promulgated a fair and equitable solution of the problem presented here. [See: Sen.Rep. No. 1631, 77th Cong., 2nd Sess., p. 171]. Section 31(a) (1) of the Int.Rev.Code of 1954, 26 U.S.C.A. § 31(a) (1) (enacted substantially without change from Section 35 of the 1939 Internal Revenue Code) states:

> " * * * The amount withheld under section 3402 as tax on the wages of any individual shall be allowed to the recipient of the income as a credit against the tax imposed by this subtitle."

Treas.Reg. Section 1.31–1(a) (1956) (enacted substantially without change from Regulation 118, Sec. 39.35–1) explaining the Code section, gives the following example:

> " * * * For instance, if a husband and wife domiciled in a State recognized as a community property State for Federal tax purposes make separate returns, each reporting for income tax purposes one-half of the wages received by the husband, each spouse is entitled to one-half of the credit allowable for the tax withheld at source with respect to such wages."

It is apparent from the cases that the "recipient" of the income is the community; the credit for tax withheld at the source, therefore, is allocated one-half to each member of the community in accordance with his interest.[1]

---

1. It should be noted that in California the earnings of the wife while she is living separate and apart from her husband are her separate property. Cal.Civ.Code,

To avoid the rule we have just stated, plaintiff contends that the property settlement agreement executed in January of 1956 had the effect of converting any community property interest of the taxpayer's husband in the withheld tax into the wife's separate property. (Plaintiff's Opening Brief, p. 5) While it is true that in California agreements between the spouses changing the character of ownership of property have been held valid, [Wren v. Wren, 1893, 100 Cal. 276, 279, 34 P. 775] and that such agreements have been recognized effective for Federal income tax purposes [Black v. Commissioner, supra] such agreements may not be retroactive but only prospective in their effect. W. A. Roth, 1929, 17 B.T.A. 1330. Plaintiff, at trial, contended that the fact that the Internal Revenue Code of 1954 deems taxes paid, as a general rule, on the 15th day of the fourth month following the close of the taxable year (§ 6513, Int. Rev.Code of 1954, 26 U.S.C.A. § 6513) means that a property settlement agreement executed after the close of the taxable year but prior to the date when taxes are deemed paid operates prospectively on earnings in the taxable year. The transactions upon which tax liability depends are fixed and finished by December 31 of the calendar year. What the taxpayer does between January 1 and April 15 cannot affect his tax liability for transactions occurring during the past taxable year. Sections of the Code providing the 15th day—4th month time rule are setting a date from which statutes of limitations will run for refunds or assessments and do not extend the tax year 3 months and 15 days.

Plaintiff further contends that Section 168 of the Cal.Civ.Code, which provides an exemption from the debts of the husband for the wife's earnings, means that " * * * she is not liable for any tax due from the husband

to the United States * * * " because such tax is a "debt" of the husband and cannot be collected out of her earnings. This contention is erroneous. As we have pointed out, the husband is the owner of one-half of the community income and is entitled to one-half of it for tax purposes. United States v. Malcolm, supra. It is, in fact, as the government contends, a payment (by way of credit) by the husband of his own tax. Even if this were not so, and one accepts plaintiff's theory that it is a "debt" of the husband, the Federal income tax liability of community property is not precluded by state law exemptions. United States v. Heffron, 9 Cir., 1947, 158 F.2d 657.

 The District Director's allocation of withheld taxes is therefore correct, and judgment is hereby entered for defendant. Defendant is to have costs against plaintiff.

§ 169 (1954). Therefore, as to earnings subsequent to November 15, 1955, the amounts withheld would be separate property of the wife and not allocable one-half to the husband. However, neither

plaintiff nor defendant has suggested this issue and the court has nothing before it sufficient to make a proper allocation in this regard.